1  **BRYAN CAVE LLP**
   Andrea M. Hicks, California Bar No. 219836
2  Joseph Poppen, California Bar No. 239282
   Two Embarcadero Center, Suite 1410
3  San Francisco, CA 94111-3907
4  Telephone:      (415) 675-3400
   Facsimile:      (415) 675-3434
5  Email:          andrea.hicks@bryancave.com
                   joseph.poppen@bryancave.com
6
7  **BRYAN CAVE LLP**
   Robert E. Boone III, California Bar No. 132780
8  120 Broadway, Suite 300
   Santa Monica, CA 90401-2386
9  Telephone:      (310) 576-2100
   Facsimile:      (310) 576-2200
10 Email:          reboone@bryancave.com
11
   DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE UNDER THE POOLING
12 AND SERVICING AGREEMENT RELATING TO IMPAC SECURED ASSETS CORP.,
   MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-3 (erroneously sued as
13 Deustche Bank National Co.); BANK OF AMERICA, N.A. (erroneously sued as Bank of
   America, N.A. Inc.); COUNTRYWIDE HOME LOANS, INC. (erroneously sued as Countrywide
14 Home Loans); and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.
15            **UNITED STATES DISTRICT COURT**
16      **NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE DIVISION**
17 MARVIN CUARESMA, and MERRIAME          Case No.
   CUARESMA                              CV11 - 03829
18
                                         **NOTICE OF REMOVAL OF CIVIL
19              Plaintiffs,              ACTION PURSUANT TO 28 U.S.C. §§
                                         1441(b)**
20         vs.
                                         (Santa Clara County Superior Court Case No.
21 DEUSTCHE BANK NATIONAL CO., IMPAC      111CV-204260)
   SECURED ASSETS CORP., BANK OF
22 AMERICA, N.A. INC., COUNTRYWIDE        **[FEDERAL QUESTION JURISDICTION]**
   HOME LOANS, MORTGAGE ELECTRONIC
23 REGISTRATION SYSTEMS, INC.; HSBC
   BANK USA, NATIONAL ASSOCIATION FOR
24 THE BENEFIT OF ACE SECURITIES CORP.
   HOME EQUITY LOAN TRUST, SERIES 2006-
25 NC2 ASSET BACKED PASS-THROUGH
   CERTIFICATES SERIES 2006-3 and DOES 1
26 through 100, inclusive,
27
                Defendants.
28

SF01DOCS39165.1

1  **TO PLAINTIFFS MARVIN CUARESMA AND MERRIAME CUARESMA, IN PRO**

2  **PER, AND THE CLERK OF THE ABOVE-ENTITLED COURT:**

3       PLEASE TAKE NOTICE THAT pursuant to 28 U.S.C. §§ 1441 and 1446, Defendants

4  Deutsche Bank National Trust Company, Bank of America, N.A. Countrywide Home Loans, Inc.

5  and Mortgage Electronic Registration Systems, Inc., (collectively, "Defendants") hereby remove

6  the above-referenced action filed by Plaintiffs Marvin Cuaresma and Merriame Cuaresma

7  ("Plaintiffs"), from the Superior Court of the State of California, County of Santa Clara, to the

8  United States District Court for the Northern District of California, and in support of this removal

9  state as follows:

10                    **PROCEDURAL HISTORY**

11      1.     On or about July 1, 2011, Plaintiffs filed a Complaint in the Superior Court of the

12  State of California, County of Santa Clara entitled *Marvin Cuaresma, et al. v. Deustche Bank*

13  *National Co., et al.*, Santa Clara County Case No. 111CV-204260.  The Complaint asserts a total

14  of nine causes of action against Defendants labeled fraudulent misrepresentation, fraudulent

15  inducement, violation of the Fair Debt Collection Practices Act, predatory lending practices,

16  breach of trust contract, RICO violations, quiet title, declaratory relief, and injunctive relief.  A

17  true and correct copy of the Complaint is attached as Exhibit "1."

18      2.     This Notice of Removal is being filed on August 1, 2011 and is timely under 28

19  U.S.C. § 1446(b).

20              **BASIS FOR REMOVAL JURISDICTION**

21      3.     This action is a civil action of which this Court has original jurisdiction under 28

22  U.S.C. § 1331, and is one which may be removed to this Court by Defendants pursuant to the

23  provisions of 28 U.S.C. § 1441(b), in that Plaintiffs allege claims under the Truth in Lending Act,

24  15 U.S.C. 1601 et seq., the Federal Fair Debt Collection Practices Act §1692, Racketeer

25  Influenced and Corrupt Organizations Act (RICO), and Real Estate Settlement Procedures Act

26  (RESPA), 12 U.S.C. § 2601 et seq.  (*See* Compl. ¶¶ 6, 9, 19, 26, 29, 31,32, 37, 39, 46, 47, 48, 51,

27  and Prayer 10.)

28      4.     To the extent Plaintiffs' Complaint states causes of action not based on federal

BRYAN CAVE LLP
2 EMBARCADERO CENTER, SUITE 1410
SAN FRANCISCO, CA 94111

1  question jurisdiction, this Court has supplemental jurisdiction. Those claims arise from the same

2  set of operative facts relating to the purported failure to properly disclose the details of the loan

3  and are premised on the same alleged violations of Plaintiffs' federal law claims. (*See* Compl. ¶¶

4  15-17, 20-25, 27, 30, 34, 36, 38, and 41-43.) Accordingly, Plaintiffs' state-law claims are related

5  to Plaintiffs' federal question claims, and thereby form a part of the same case and controversy

6  pursuant to 28 U.S.C. Section 1367(a).

7        5.      Also, this acition is a civil action in which this Court has original jurisdiction of the

8  State Court Action under 28 U.S.C. § 1332, and the State Court Action may be removed to the

9  Court pursuant to the provisions of 28 U.S.C. § 1441(b) because Plaintiffs and Removing

10  Defendants are citizens of different states and the amount in controversy exceeds the sume of

11  $75,000, exclusive of interest and costs.

12        6.      At the time this action was commenced Defendant Deutsch Bank National Trust

13  Company was and is now, a national banking association that has its principal place of business in

14  New York. As such, it is a citizen of New York.

15        7.      At the time this action was commenced Defendant Bank of America, N.A. was and

16  is now, a national banking association that, according to its Articles of Association, has its

17  principal place of business in North Carolina. As such, it is a citizen of North Carolina.

18        8.      Countrywide Home Loans, Inc. is a wholly-owned subsidiary of Countrywide

19  Financial Corporation which is a wholly-owned subsidiary of Bank of America, N.A., which has

20  its principal place of business in North Carolina. As such, it is a citizen of North Carolina.

21        9.      At the time this action was commenced Removing Defendant Mortgage Electronic

22  Registration Systems, Inc. was and is now a Delaware Corporation with its principal place of

23  business in Virginia. As such, it is a citizen of Virginia.

24        10.     Thus, Plaintiffs and Removing Defendants are citizens of different states for the

25  purpose of diversity jurisdiction pursuant to 28 U.S.C. § 1332.

26        11.     The amount in controversy in this action, exclusive of interest and costs, exceeds

27  $75,000. Plaintiffs seek an award of "additional damages up to $100,000.00 per Defendant" as

28  well as "actual damages." (Compl. Prayer 7 and 11.)

BRYAN CAVE LLP
2 EMBARCADERO CENTER, SUITE 1410
SAN FRANCISCO, CA 94111

NOTICE OF REMOVAL OF CIVIL ACTION

BRYAN CAVE LLP
2 EMBARCADERO CENTER, SUITE 1410
SAN FRANCISCO, CA 94111

1

## NOTICE TO STATE COURT

2      12.    A copy of this Notice of Removal is being filed with the Clerk of the Superior

3  Court for the County of Santa Clara as an exhibit to the Notice of Defendants' Filing of Notice to

4  Adverse Parties and State Court of Removal of Civil Action to Federal Court being filed in that

5  court. A copy of the Notice of Removal being filed in state court is attached hereto (without

6  exhibits) as Exhibit "2."

7                            ## INTRADISTRICT ASSIGNMENT

8      13.    Pursuant to Local Rules 3-2(c) and (d), the San Jose division of the Northern

9  District of California has jurisdiction over this Action, because this Action arises in the County of

10  Santa Clara and is being removed from the Superior Court for the County of Santa Clara.

11      WHEREFORE, Defendants hereby give notice that the above action now pending in the

12  Superior Court of the State of California for the County of Santa Clara is removed in its entirety to

13  this Court.

14

15  Dated: August 1, 2011                      **BRYAN CAVE LLP**

16

17                                   By:   /s/ Joseph Poppen
                                          Joseph Poppen
18                                   Attorneys for Defendants
                                     DEUTSCHE BANK NATIONAL TRUST
19                                   COMPANY, AS TRUSTEE UNDER THE
                                     POOLING AND SERVICING AGREEMENT
20                                   RELATING TO IMPAC SECURED ASSETS
                                     CORP., MORTGAGE PASS-THROUGH
21                                   CERTIFICATES, SERIES 2006-3 (erroneously
                                     sued as Deustche Bank National Co.); BANK OF
22                                   AMERICA, N.A. (erroneously sued as Bank of
                                     America, N.A. Inc.); COUNTRYWIDE HOME
23                                   LOANS, INC. (erroneously sued as Countrywide
                                     Home Loans); and MORTGAGE ELECTRONIC
24                                   REGISTRATION SYSTEMS, INC.
25

26

27

28

SF01DOCS39165.1                              4

# Exhibit 1

Marvin Cuaresma
Merriame Cuaresma
1210 Murphy Ave
San Jose, CA 95131
408-821-5155

Pro Per/ Pro Se

FILED  Santa Clara Co
07/01/11  11:23am
David H. Yamasaki
Chief Executive Offic
By: ltalampas DTSOIVO
R#201100072328
CA          $395.00
TL          $395.00
Case: 1-11-CV-204260

L. Talampa*

# THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

# IN AND FOR SANTACLARA COUNTY

MARVIN CUARESMA, and
MERRIAME CUARESMA

             **Plaintiffs**

    Vs.

DEUSTCHE BANK NATIONAL CO.,
IMPAC SECURED ASSETS CORP.,
BANK OF AMERICA , N. A. INC. ,
COUNTRYWIDE HOME LOANS, ,
MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC.; HSBC
BANK USA, NATIONAL ASSOCIATION FOR
THE BENEFIT OF ACE SECURITIES CORP.
HOME EQUITY LOAN TRUST,SERIES 2006-
NC2 ASSET BACKED PASS-THROUGH
CERTIFICATES SERIES 2006-3 and DOES 1
through 100, inclusive

             **Defendants.**

Case No. **111CV-204260** Talampa

**COMPLAINT FOR:**
 (1) FRAUDULENT MISREPRENTATION;
(2) FRAUDULENT INDUCEMENT; (3)
VIOLATION OF THE FAIR DEBT
COLLECTION PRACTICES ACT; (4)
PREDATORY LENDING PRACTICES; (5)
BREACH OF TRUST CONTRACT; (6) RICO
VIOLATION(S); (7) QUIET TITLE; (8)
DECLARATORY RELIEF; (9) INJUNCTIVE
RELIEF AND JURY DEMANDED PER THE
7TH AMENDMENT.

**Judicial Notice to be taken Regarding Litigants without Lawyers:**

Plaintiff appears in this action "In Propria Persona" and asks that his points and authorities relied upon herein, and issues raised herein, must be addressed "on the merits", *Sanders v United States,* 373 US 1, at 16, 17 (1963); and addressed with "clarity and particularity", *McCleskey v Zant,* 111 S. Ct. 1454, at 1470-71 (1991); and afforded "a full and fair" evidentiary hearing, *Townsend v Sain,* 372 U.S.293, at p.1 (1962).  See also *Pickering v Pennsylvania Railroad Co.,* 151 F.2d 240 (3d Cir. 1945). "Pro Se Litigants pleadings are to be construed liberally and held to less stringent standards than lawyers" *Haines v Kerner,* 404 US 519 (1972).  "Pro se litigants are entitled to

certain rights not afforded litigants with lawyers." *Signer v. Indiana University Foundation*, 741 Fed Supp 165, (S. D. Ind. 1990)

Pleadings of the Defendant SHALL NOT BE dismissed for lack of form or failure of process. All the pleadings are as any reasonable man/woman would understand, and:

> "And be it further enacted. That no summons, writ, declaration, return, process, judgment, or other proceedings in civil cases in any of the courts or the United States, shall be abated, arrested, quashed or reversed, for any defect or want of form, but the said courts respectively shall proceed and give judgment according as the right of the cause and matter in law shall appear unto them, without regarding any imperfections, defects or want of form in such writ, declaration, or other pleading, returns process, judgment, or course of proceeding whatsoever, except those only in cases of demurrer, which the party demurring shall specially sit down and express together with his demurrer as the cause thereof. And the said courts respectively shall and may, by virtue of this act, from time to time, amend all and every such imperfections, defects and wants of form, other than those only which the party demurring shall express as aforesaid, and may at any, time, permit either of the parties to amend any defect in the process of pleadings upon such conditions as the said courts respectively shall in their discretion, and by their rules prescribe (a)" *Judiciary Act of September 24, 1789*, Section 342, FIRST CONGRESS, Sess. 1, ch. 20, 1789.

"Court errs if court dismisses pro se litigant without instructions of how pleadings are deficient and how to repair pleadings." *Plaskey v CIA*, 953 F .2nd 25. "The trial judge should inform a pro se litigant of the proper procedure for the action he or she is obviously attempting to accomplish." *Breck v. Ulmer*, 745 P.2d 66, 75 (1987).

**COMES NOW THE PLAINTIFFS who hereby file this Complaint as follows:**

Plaintiff hereby reserves the right to amend this complaint if and when Plaintiff learns more facts and/or issues in regards to the actions or in-actions of the Defendants.

**GENERAL ALLEGATIONS AS TO ALL CAUSES OF ACTION TO ALL DEFENDANTS:**

1.      At all times herein mentioned, Plaintiffs, MARVIN CUARESMA, and MERRIAME CUARESMA, were and are residing in the County of Santa Clara and is/were the owners in possession of the subject real property and family home located at 1210 Murphy Avenue, San Jose, CA 95131, hereinafter "subject property". Plaintiffs Marvin Cuaresma and Merriame Cuaresma have an interest to the 'subject property" by the way of a Grant Deed dated 02/17/2004 and recorded as DOC #17616867 in the Official Records in Santa Clara County, California.

2.      Defendants, **DEUSTCHE BANK NATIONAL CO.,IMPAC SECURED ASSETS CORP., BANK OF AMERICA , N. A.  INC. , COUNTRYWIDE HOME LOANS, , MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; HSBC BANK USA, NATIONAL ASSOCIATION FOR THE  BENEFIT OF ACE SECURITIES CORP. HOME EQUITY LOAN TRUST,SERIES 2006-NC2  ASSET BACKED PASS-THROUGH CERTIFICATES SERIES 2006-3 and DOES 1 through 100, inclusive**

are all purported agents, employees or attorneys for/of the holders of an alleged First Deed of Trust or holders of a First Deed of Trust secured against the subject real property and were/are threatening the Plaintiffs with a non-judicial foreclosure sale pursuant to a purported Promissory Note that can't be found and a Deed of Trust that assertedly was signed by Plaintiffs Marvin Cuaresma and Merriame Cuaresma.

3.      Defendant MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. is not registered to do business in the State of California and is also alleged to be only a recording company that does not hold any real or tangible interest to the subject property or not, and Defendant ACE SECURITIES CORP. HOME EQUITY LOAN TRUST, SERIES 2007-ASAP1, ASSET BACKED PASS-THROUGH CERTIFICATES is not a legal entity and is also not registered to do business in the State of California and has real or tangible interest to the subject property or note.

4.      Defendant LAW OFFICE OF MILES, BAUER, BERGSTROM, WINTERS, LLP and/ANNA A. GHAJAR, ESQ is/are alleged to be an attorney's office(s) who is/are acting as a debt collector for Defendant DEUSTCHE BANK NATIONAL CO., LLC and has been served with documents notifying them that there is a written notice of dispute that has not been verified according to the " California Rosenthal Act"  and the Fair Debt Collection Practices Act, and has intentionally violated these laws knowing that they will not get paid unless they foreclose upon the subject property, thereby having a somewhat future interest in collecting fees for doing the foreclosure services.

5.      All of the Defendants have been put on notice of Plaintiff's claim in this regard that Defendants do/did not have a right to foreclose and sell the subject real property owned by Plaintiffs because the alleged Promissory Note has been fully satisfied by operation of law since Defendants were unable or unwilling to verify their claim within 30 days after receiving a written notice of

dispute  (Please notice that the Fair Debt Collection Practices Act requires "VERIFICATION") which means that someone must verify their claim under oath and under the penalty of perjury.  It does not say "validation" which is the evidence supporting verification.

6.     Defendants, and all of them, have been put on notice of Plaintiffs' claim in this regard and demand has been made on Defendants, and each of them, to suspend any foreclosure sale because they have intentionally violated the California "ROSENTHAL ACT" which is the same as the FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692 and they have also refused to comply with Plaintiffs Marvin Cuaresma and Merriame Cuaresma's qualified written request under the Real Estate Settlement Procedures Act, 12 U.S.C. Section 2605(e) (RESPA).  However, the Defendants have failed and refused to suspend the sale of the property or to provide verified proof of the right and lawful authorization of the asserted beneficiary to initiate the foreclosure. Plaintiffs have provided notice to Defendants that "nominees" lack the lawful authority to proceed with foreclosure and/or collection or even with a loan modification without written authorization from ALL of the investors holding interest in the mortgage.  Plaintiffs allege that Defendants, and each of them, in so acting in this case and with respect to any other mortgage or trust deed instruments, engaged in a pattern and practice of using the non-judicial foreclosure proceedings of this state to foreclose on properties when they intentionally violated the FAIR DEBT COLLECTION PRACTICES ACT, violate RESPA and do not, in fact, have authorization from all of the investors who retain a note in due course, or the right to do so, knowing that the property owners affected do not have knowledge and means to contest the right of said Defendants to do so.

7.     Plaintiffs, through themselves, demanded, in writing, that Defendants, and each of them through their superior or their employee or through their attorneys, provide proof of their right to proceed in foreclosure.  This demand was in the form of a Written Notice of Dispute of the account and bookkeeping, and a 'Qualified Written Request/Demand' (**See Plaintiffs' Exhibit "A"**) which included a demand to give the name, address and phone number of the entity or natural person who, in due course, was in possession of the original, wet-ink signature, promissory note that was used as the "Corpus" (body) as an asset in order for the trust to still be valid.  (It should be noted that the property was NOT and could not lawfully be the corpus to the trust since it was only used to secure the payment to pay on the Promissory Note.)  No such proof or equivalent was ever presented to Plaintiffs by Defendants, thereby making the trust void by law. (A trust without a corpus is void).

4

8.      Plaintiffs also demanded in writing for the Defendants a detailed accounting (**See Plaintiffs' Exhibit "A"**) of how the stated amount necessary to be paid to redeem the property from foreclosure has been calculated so that the Plaintiffs could adequately know and uphold their rights under the law as to Plaintiffs' presale right of redemption.  To date, no such proof or its equivalent has been offered.

9.      The response, if any, of all of the Defendants, and each of them, has been so inadequate so as to prevent Plaintiffs Marvin Cuaresma and Merriame Cuaresma from determining whether any or all of the charges included in their payoff demand were justified, appropriate, and proper.  Therefore, the non-compliance of U. S. Code, Title 12 RESPA Qualified Written Request along with the Written Notice of Dispute (**See Plaintiffs' Exhibit "B"**) under the Fair Debt Collection Practices Act, has now provided for the alleged debt to become satisfied or discharged under operation of law, for the violations of the above acts and the revocation of the Power of Attorney given by the Grantors (Marvin Cuaresma and Merriame Cuaresma) to the Trustee of the Deed of Trust to foreclose non-judicially.   Notice of their non-compliance (**See Plaintiffs' Exhibit "C"**) was timely given to the Defendants.

10.     The property is now owned by Plaintiffs Marvin Cuaresma and Merriame Cuaresma. The property is a very unique property, and therefore, should Defendants, and each of them, not be enjoined, Plaintiffs will suffer irreparable injury for which there is no adequate remedy in law when Defendants proceed to sell the subject property at foreclosure sale which will be an act to intentionally cloud the title.

11.     In all of the wrongful acts alleged in this Complaint, the Defendants, and each of them by their association together and in concert, all having been notified of their violation of Federal and State law(s), and have utilized the United States mail in furtherance of their conspiracy to both unlawfully collect on negotiable instruments when they are not entitled under law to do so, and, assuming arguendo, they do have the right to proceed to a non judicial foreclosure under the missing note and/or profit from those actions and amounts greater than their rights under the note to do so.

12.     Defendants, and each of them by their association with one another, in committing the acts alleged in this and in other cases have and are intentionally engaging in a pattern of unlawful activity.

13.     As a result thereof, Plaintiffs have been damaged in having to search for and hire attorneys before bringing this action and to bring this action to enjoin the threatened non-judicial foreclosure of the subject real property or to have the non-judicial foreclosure set aside for violations of law, and will have had to incur legal fees to stop and/or enjoin the Defendants from the wrongful acts of all of the Defendants, and each of them, thereby making each and every one liable. Plaintiffs have incurred legal and/or attorney's fees for the purpose of initiating this action and are entitled to reasonable attorney fees.

**FIRST CAUSE OF ACTION FOR FRAUDULENT MISREPRESENTATION (AS TO ALL DEFENDANTS BY THEIR ASSOCIATION WITH ONE ANOTHER)**

14.     Plaintiffs repeat and incorporate by reference the allegations appearing in paragraphs 1 to 13 of this Complaint as though set forth herein.

15.     In pursuing non-judicial foreclosure, Defendants, and each of them by their association with each other as the facts will prove by discovery, have represented that they alleged to have their right to payment under an alleged missing note and further, to have the right to conduct a non-judicial foreclosure sale or if they have already held the foreclosure sale without the Plaintiff's knowledge, then to proceed in the process of removing the Plaintiffs unlawfully from their home by the use of an UNLAWFUL DETAINER.

16.     However, Plaintiffs are informed and believe, and thereupon allege, that the true facts are that Defendants by their association with one another are not, and were not, in possession of a note in due course, (it is missing), allegedly secured by the subject property, nor were they or are they holders of a note in due process thereby entitled to payment as those items are used in the Uniform Commercial Code Sections 3301, 3009, and otherwise, and therefore, the Defendants, and each of them, are and were proceeding in one way or another to either foreclose non-judicially, or remove Plaintiffs by the use of an Unlawful Detainer action, without a note secured by the subject property, and thus, without right under law.  Further, Plaintiffs are informed and believe, and thereupon allege, that the Defendants, and each of them by their association with one another, added many costs and unlawful charges to the payoff of the alleged note that were not justified and proper under the terms of the note or the law.

17.     Plaintiffs are informed and believe, and thereupon allege, that Defendants, and each of them by their association with one another as will be proven by discovery, misrepresented the facts when they represented that they ALL had the right to foreclose on the subject property and/or

6

remove the Plaintiffs in an Unlawful Detainer action from the property belonging to Plaintiffs, when in fact, they did not have the lawful right, and/or intended to either force Plaintiffs to pay large sums of money to either all of the Defendants or to an unknown Defendant(s) that will be discovered by discovery, to which they were not entitled under law, or to abandon the subject property to Defendants by not resisting the proposed foreclosure sale. Plaintiffs make it clear that there still might be a rightful party(s) who may have the alleged missing note and who therefore may be the true party of interest and the correct party to be paid. The problem now is that all of the Defendants named are not and do not have any right, title and interest or have been lawfully authorized by the true party of interest, to foreclose or file a UD action against Plaintiffs.

**SECOND CAUSE OF ACTION FOR FRAUDULENT INDUCEMENT (AS TO ALL DEFENDANTS BY THEIR ASSOCIATION WITH ONE ANOTHER)**

18.     Plaintiffs repeat and incorporate by reference the allegations appearing in paragraphs 1 to 17 of this Complaint as though fully set forth herein.

19.     Further, Plaintiffs are informed and believe, and thereupon allege, that Defendant, COUNTRYWIDE HOME LOANS/BANK OF AMERICA, and other unknown Defendants working in unison and in association with COUNTRYWIDE HOME LOANS/BANK OF AMERICA, failed to verify Marvin Cuaresma and Merriame Cuaresma's ability to repay certain loans, but instead manufactured facts and figures and documents (cooking the books) to justify Marvin Cuaresma and Merriame Cuaresma s reasonable ability to repay the loan. Plaintiffs Marvin Cuaresma and Merriame Cuaresma allege that the underlying missing note was fabricated and presented to them in violation of Truth in Lending and federal lending disclosure practices, and as such, the asserted missing note that all of these Defendants are now working in concert with their threat to foreclose and/or remove the Plaintiffs by a Unlawful Detainer action, is void and unenforceable, and that the title to the subject real property should be re-conveyed to Plaintiffs Marvin Cuaresma and Merriame Cuaresma forthwith. It is well known that *"Fraud in the Inducement"... is intended to, and which does cause one to execute an instrument, or make an agreement... The misrepresentation involved does not mislead one as the paper he signs but rather misleads as to the true facts of a situation, and the false impression it causes is a basis of a decision to sign or render a judgment"* Source: Steven H. Gifis, 'Law Dictionary', 5th Edition, Happauge: Barron's Educational Series, Inc., 2003, s.v.: 'Fraud'.

20.     Because the Defendants actions in 'Fraud in the Inducement', there was no valid contract to underlay the packaged mortgage transactions, thereby making the whole transaction null and void and it also caused all of the loan documents to become worthless.  Expert sources in the field of predatory mortgage transactions have discovered the following: (a) 'The holder in due course or subsequent holder cannot hold a claim superior to the prior holder'; (b) 'An ultra vires act causes the piercing of the corporate veil or of any similar limited liability or partnership structure, so that the entire liability flows directly to the holder/investor(s). Furthermore, publicly-owned corporations must publicly disclose a contingent liability reserve in their Securities and Exchange Commission (SEC) filings'; (c) 'A bank may remain a de facto corporation inter se among its shareholders, but if the 'corporation in good standing status' is suspended or otherwise terminated, it is no longer a corporation to the world at large, and it becomes a fraud to represent publicly that this entity is now a corporation. Moreover a publicly owned and traded corporation that loses its 'in good standing' status has an affirmative, positive duty to publish a public notice to that effect and to so inform all stockholders immediately. Furthermore, loss of 'in good standing' status by the corporation due to ultra vires acts, may toll the running of any applicable Statute of Limitations in respect of claims against the corporation and its shareholders.

21.     It is likely and very clear, that tens of thousands of FRAUD IN THE INDUCEMENT complaints may be filed by borrowers against lenders and mortgage brokers who have energetically and fraudulently sold adjustable mortgage arrangements without income verification and other checks, because the lenders and mortgage brokers possessed information on their prospective borrowers that the intended contracted mortgage loan would be unserviceable by the prospective borrower, on the basis of the lenders' and brokers' own financial due diligence that they did not share with the borrower. In such instances, if ruled, then a meeting of minds did not take place and accordingly, no contract ever existed.

22.     When these transactions are deconstructed, a horrific nexus of fraud becomes apparent.  Because once upon a time the borrowers, Plaintiffs Marvin Cuaresma and Merriame Cuaresma, sat down at the closing table at the escrow company. They did NOT own the property

8

when he sat down at the table. Yet, all of a sudden, they miraculously owned the property, free and clear of all encumbrances: otherwise, how could they mortgage it? The borrowers have signed an agreement stating inter alia that 'for good and valuable consideration, RECEIPT OF WHICH IS HEREBY ACKNOWLEDGED', and being fully seized in the property (which means fully owning it without any encumbrance) 'They, (the borrowers), do hereby enter into this agreement to mortgage said property as fully described in this document by virtue of their appointment as trustors, and do appoint as trustee irrevocably for this purpose' (the name of the trustee who worked for the title company handling the transaction). Therefore, a document has been written which clearly states that the borrowers admit to having received 'consideration' of some type PRIOR to this point in time – in exchange for WHAT? They admit that they own the property free of all debt, otherwise they could not mortgage it. The escrow company agrees with them that the property at this point was free and clear of debt, or else they could not serve as the intermediary fiduciary party certifying these assertions as facts.

23.     But this begs the very obvious question: if the borrowers, (Plaintiffs), already owned the property, then why did they need the mortgage, unless they are borrowing money to be used for some other private purpose? If they used the property as collateral for the loan, then when did they receive the money? Have the borrowers, or has ANY party involved, EVER received the money from the mortgagee?  The answer is NO!

24.     Here is the essence of the fraud:  What has actually happened is that the borrowers' promissory note was immediately monetized by stamping 'Pay to the order of' on the reverse of the promissory note, which was then deposited as cash into a deposit account at a bank. The borrower was never told that this occurred. This 'stamping' procedure amounts to an ACT OF CONVERSION.  Furthermore, the very act of altering a negotiable instrument after the signature of the payer or original issuer, VOIDS THE INSTRUMENT.  Then, the next thing that happened, again without the knowledge of the Plaintiffs, is that the bank opened a transaction account based on the cash deposit of the buyer, and from this transaction account, using the bank's name on a bank check, the check is issued to the seller in the agreed amount according to the sale figures.

9

25.   Therefore, the entire arrangement was absolutely unconscionable from the outset. Very clearly, as some courts are showing signs of realizing, there was never any valid contract, so that no obligation could ever have arisen based upon its terms. The bank has clearly become unjustly enriched by means of the fraudulently prepared documents which have cleverly and most deviously concealed the true illegal nature of the transaction – wherein the bank was never in any danger of having incurred any risk whatsoever, and was enriched through the sale to the true purchaser of the mortgage, while not handing over the money to the actual issuer of the promissory note as the 'consideration' for the creation of the mortgage.

**THIRD CAUSE OF ACTION FOR VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT (AS TO ALL DEFENDANTS BY THEIR ASSOCIATION WITH ONE ANOTHER)**

26.   Plaintiffs repeat and re-allege each of the causes of action of paragraphs 1 through 25 as if set forth in full herein.  Plaintiffs are informed and believe, and thereupon allege, that Defendants, and each of them by their association with one another, have failed to comply with the California Rosenthal Act, that being the same as the Federal FAIR DEBT COLLECTION PRACTICES ACT §1692, requiring **verification** of their claim and the production of the name and address of the original party who funded the loan (which is not the original lender named on the Deed of Trust), and/or investor, within the legal time of 30 days after receiving the written notice of dispute from the borrower.  It should be noted that the Defendants surprised them by allegedly foreclosing on the home during same time the process of a loan modification or settlement with Plaintiffs Marvin Cuaresma and Merriame Cuaresma was taking place.  As such, Defendants, by law, are not entitled to proceed with any other attempt to collect a debt, which includes their filing an Unlawful Detainer action to remove Plaintiffs from their property unlawfully.

27.   Shortly after Plaintiffs Marvin Cuaresma and Merriame Cuaresma were sent a 'Notice of Default' letter from the Defendants, Plaintiffs sent a written notice of a dispute along with a Qualified Written Request which provided a one page 'Verification Form' (See **Plaintiffs Exhibit "E"**) for the Defendants to simply fill out the true amount what was owed and the name and account number of where the funds came from for the loan, (among other requested information), while giving the Defendants 60 instead of 30 working days to "Verify" their claim,

which was more than twice the amount of time as required in the Fair Debt Collection Practices Act. All of the Defendants, by their association with one another, failed to "verify" their claim at any time, thereby violating this act which by operation of law, fully satisfied/discharged the debt.

**FOURTH CAUSE OF ACTION FOR PREDATORY LENDING PRACTICES (AS TO ALL DEFENDANTS)**

28. Plaintiffs re-allege and incorporates by reference the allegations appearing in paragraphs 1 through 27 of this Complaint as though fully set forth herein.

29. Plaintiffs are informed and believe, and thereupon allege, that Defendants, and each of them by their association with one another, have collaborated to engage and did engage in many predatory lending practices with respect to Plaintiffs Marvin Cuaresma and Merriame Cuaresma in violation of the Home Ownership and Equity Protection Act ("HOEPA"), 15 U.S.C. 1637; the Truth in Lending Act ("TILA"), 15 U.S.C. Section 1601; Regulation Z, 12 C.F.R. Section 226; and Business and Professions Code Section 17200, and specifics of which are unknown, but which are subject to discovery with respect to which the specifics will be alleged by amendment to this Complaint when ascertained.

30. Plaintiffs are informed and believe, and thereupon allege, that Defendants, and each of them by their association with one another, failed to verify or validate Plaintiffs Marvin Cuaresma and Merriame Cuaresma s ability to repay certain loans, instead they manufacturing facts and figures and documents to which all of the Defendants used them, to justify Plaintiffs' ability to repay the loan. Plaintiffs allege upon information and belief that Defendants, and each of them, engaged in these unlawful actions to facilitate and justify their own greed and need for funds from Plaintiffs, who realistically could not have carried the burden of the monthly payments on the alleged loan(s).

31. Plaintiffs therefore allege on information and belief that Defendants, and each of them by their association with one another, in violation of 15 U.S.C. Section 1639(h), proceeded to originate the loans by lowering their own underwriting standards, in order that Plaintiffs Marvin Cuaresma and Merriame Cuaresma would be provided with funding that would be financially unbearable and burdensome, and cause default on said loans and place Plaintiffs Marvin Cuaresma and Merriame Cuaresma in imminent danger of losing the subject property to non-judicial foreclosure sale.

32.   Plaintiffs allege that Defendants' violation of 15 U.S.C. Section 1639(h) may be remedied by revocation of the power of attorney given to the trustee to foreclose or by rescission of the loan (note and deed of trust), and the payment of compensatory damages to Plaintiffs Marvin Cuaresma and Merriame Cuaresma in the sum to make Plaintiffs Marvin Cuaresma and Merriame Cuaresma whole.

**FIFTH CAUSE OF ACTION FOR BREACH OF CONTRACT/TRUST/FIDUCIARY DUTY (AS TO ALL DEFENDANTS)**

33.   Plaintiffs re-allege and incorporates by reference the allegations appearing in paragraphs 1 through 32 of this Complaint as though fully set forth herein.

34.   That Defendants, and each of them breached the trust contract and/or their fiduciary duty by (among other discoverable things), refusing the Plaintiffs Marvin Cuaresma and Merriame Cuaresma's (Grantor) the right to view the original promissory note and by continuing to act as parties to the trust when the "Corpus" (the original note) does not exist, thereby lawfully making the trust void.  For a trust to be valid it must have (1) a Trustor and/or Grantor, (2) Trustee, (3) Beneficiary and/or Investor and (4) a Corpus (Promissory Note). **The location of the Original Promissory is the single most important issue in this case, for without it (the foundation for the case), the Defendants, and each of them, are unable to lawfully verify their claim under the FDCPA and do not have any lawful authority to do anything other than to reconvey the deed back to the Trustor/Grantor/Plaintiffs Marvin Cuaresma and Meriame Cuaresma**

**SIXTH CAUSE OF ACTION FOR RICO (AS TO ALL DEFENDANTS)**

35.   Plaintiffs re-allege and incorporates by reference the allegations appearing in paragraphs 1 through 32 of this Complaint as though fully set forth herein.

36.   Defendants, and each of them by their association with one another, used the United States mail in perpetrating the felonious conduct as set forth above, and each of them conspired and infiltrated legitimate business institutions for the purpose of perpetrating felony conduct on the public in more than one incident.

37.   As such, Plaintiffs seek a trebling of their damages under California law and Federal law for purposes of the Federal RICO violation.

38.   Plaintiffs are informed and believe, and thereupon allege that Defendants, and each of them as being associated with one another, are engaged in a pattern and practice to obtain title of

property without compliance and in violation of common and statutory law, including, but not limited to, Article III of the California Commercial Code, and in doing so, have attempted and are attempting to circumvent the mandates of applicable law pertaining to negotiable instruments, secured and unsecured property, money laundering and otherwise.

39. Defendants, in doing things herein alleged, and all of them by their association with one another are engaged in criminal activity to obtain title to the subject property wrongfully. Plaintiffs are therefore entitled to remedies available under RICO in civil actions.

**SEVENTH CAUSE OF ACTION FOR QUIET TITLE (AS TO ALL DEFENDANTS)**

40. Plaintiffs re-allege and incorporate by reference the previous allegations appearing in paragraphs 1 through 39 of this Complaint as though set forth herein.

41. Plaintiffs Marvin Cuaresma and Merriame Cuaresma are the owners of the subject property per the Original Deed used to fabricate the Deed of Trust, which is the subject property and is recorded in the official records of the County of Santa Clara, State of California.

42. Plaintiffs seek to quiet title against the claims of all of the Defendants because of their association with one another as follows: Some of the Defendants, who will be named after discovery, hold themselves out as entitled to fee simple ownership of the subject property by and through non-judicial foreclosure, when, in fact, Plaintiffs allege on information and belief that Defendants have no right, title, interest, or estate in the subject property, and no right to conduct a foreclosure sale as either beneficiary or trustee, and Plaintiffs interests is adverse to Defendants' claims that they have a right to ownership and to conduct a sale of the subject property and/or remove the Plaintiffs from their property by filing an Unlawful Detainer action. More over, because of the intentional violations of State and Federal law, the privilege given to the Defendants to allow them to foreclose without due process by the State of California, must be revoked to preserve the Plaintiff's due process, and all actions to foreclose must now by done judicially-if any.

43. Plaintiffs seek to quiet title as of JULY 1, 2011. Plaintiffs therefore seek a judicial declaration that the title to the subject property is vested in Plaintiffs Marvin Cuaresma and Merriame Cuaresma's name alone, and that Defendants, and each of them, be declared to have no estate, right, title, or interest in the subject property, and that said Defendants, and each of them, be forever enjoined from asserting from estate, right, title, or interest in the subject property adverse to Plaintiffs Marvin Cuaresma and Merriame Cuaresma.

**SEVENTH CAUSE OF ACTION FOR DECLARATORY RELIEF (AS TO ALL DEFENDANTS)**

44. Plaintiffs re-allege and incorporate by reference the allegations appearing in paragraphs 1 to 43 of this Complaint as though fully set forth herein.

45. Plaintiffs allege that an actual controversy exists as to the following issues:

46. Plaintiffs Marvin Cuaresma and Merriame Cuaresma contends that any and all loan agreements are void based on the facts as alleged herein, including, but not limited to, Defendants' violation of the FAIR DEBT COLLECTION PRACTICES ACT, the disclosure requirements, and under statutory and common law duties, including the duty to refrain from fraudulent misrepresentation, unfair debt collection practices, and predatory lending even though it is the Defendants' contention that they have the right to pursue certain remedies, including, but not limited to, non-judicial foreclosure.

47. Plaintiffs contend that any non-judicial foreclosure sale and/or Unlawful Detainer action conducted by Defendants, and each of them because of their association with one another, is/was improper, in that Defendants are not the holders in due course of the original, wet-ink signature note secured by the subject property, are not the holders of any properly endorsed assignment of the same original note, and have willfully violated the Fair Debt Collection Practices Act, even though it is the Defendants' contention that they have the right to proceed with a non-judicial foreclosure sale of the subject property and/or file an Unlawful Detainer action.

48. Plaintiffs desire a judicial determination of both Plaintiff's rights and duties, and a declaration as to the validity of any loan transaction(s) and Defendants' right to proceed with non-judicial foreclosure of the subject property since they have willfully and intentionally violated the Fair Debt Collection Practices Act because they know the original note is missing and/or that the TARP funds have discharged this alleged loan.

49. Plaintiffs allege that Defendants' actions have undermined both Plaintiff's right to the subject property and have interfered, and continue to interfere, with both Plaintiff's right of possession of the subject property.

**EIGHTH CAUSE OF ACTION FOR INJUNCTIVE RELIEF (AS TO ALL DEFENDANTS)**

50. Plaintiffs re-allege and incorporate by reference those allegations appearing in paragraphs 1 through 49 of this Complaint as though fully set forth herein.

51.     By the actions above and set forth herein, not only because the Defendants, and each of them by their association with one another, have willfully violated the Fair Debt Collection Practices Act, but because the Defendants actually KNOW they do not have any defense for this violation, therefore the Plaintiffs clearly have a strong likelihood of prevailing on the merits of the case.  Plaintiffs request that this Court grant a preliminary injunction and temporary restraining order and injunctive relief under Code of Civil Procedure Section 527 and the California Rules of Court, Rule 3.1150, first as to any non-judicial foreclosure or other sale of the subject property and/or the Unlawful Detainer action against Plaintiffs, and second, a permanent injunction precluding all Defendants from continuing to engage in the wrongful and unlawful conduct identified herein in the future.

## JURY DEMAND

52.     Plaintiffs demand trial by jury as required and preserved under the 7th Amendment to the Constitution of the United States of America.

## PRAYER

WHEREFORE, Plaintiffs pray for judgment and order against Defendants, and each of them because of their association with one another, as to each and every cause of action, jointly and severally, as follows:  on first, second and third causes of action:  (1) compensatory damages according to proof; (2) special damages according to proof; (3) punitive damages according to proof; on third cause of action:  (4) for rescission; (5) for civil penalty pursuant to statute; (6) for actual damages to be proved at trial; (7) for additional damages up to $100,000.00 per Defendant; (8) for reasonable attorney fees according to proof; on fourth cause of action:  (9) that the actions of Defendants, and each of them, be determined to be unfair and deceptive business practices in violation of California and Federal law; (10) that the actions of Defendants be determined to be violations of California Business and Professions Code Section 17200, et seq.; Rosenthal Fair Debt Collection Practices Act, including, but not limited to, Civil Code Section 1788(e) through (f), and the Federal Fair Debt Collection Practices Act, 15 U.S.C. Sections 1692, et seq., and Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. Sections 2601 through 2617; (11) for actual damages according to proof; (12) for twice the amount of any financial charges that were incurred; (13) for not less than $200.00 or greater than $2,000.00; (14) for all finance charges and fees paid;

(15) for reasonable attorney fees according to proof; on fifth cause of action: (16) for actual damages according to proof; (17) for treble damages according to proof, 18 U.S.C. Section 1962(c); (18) for reasonable attorney fees as provided, 18 U.S.C. Section 1964(c); on sixth cause of action: (19) for a judgment that Plaintiffs Marvin Cuaresma and Merriame Cuaresma are the owners and fee simple owners of the property and that none of the Defendants have any interest in the property adverse to Plaintiffs; on seventh cause of action: (20) that the foreclosure or attempted foreclosure of Plaintiffs home by Defendants, and each of them, be deemed illegal and void and same be permanently enjoined; (21) that an order issue setting aside any such sale of the subject property by Defendants, and each of them, and declaring any such sale to be null and void and of no force and effect; (22) that an order issue that any purchaser from Defendants, and each of them, deliver their alleged deed (and note) to the subject property to the Court, and that any such deed be canceled; on eighth cause of action: (23) that a temporary injunction, a preliminary injunction, and a permanent injunction issue, enjoining Defendants, and each of them, including all persons acting under, for, or in concert with any and all of the Defendants, from selling the subject property or attempting to sell it or causing it to be sold, by foreclosure action or otherwise; on all causes of action: (24) for setting aside any Unlawful Detainer action filed by any of the Defendants and (25) for reasonable costs and disbursements in this action; and, (26) that such other and further relief the Court may deem just and proper be awarded as well.

Dated:   7 / 1 / 2011

_____
Marvin Cuaresma (Authorized Signature)

_____
Merriame Cuaresma (Authorized Signature)

1
2
3
4
5
6
7
8

## **VERIFICATION**

9
10
11
12
13
14

We, Marvin Cuaresma and Merriame Cuaresma are the Plaintiffs in this action.  We have read each and every allegation of the foregoing verified Complaint and verify each and every allegation of the Complaint as true under penalty of perjury except as to those matters that we have alleged on information and belief.

15
16
17

We declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.  Executed this _1st_ day of _July_____, 2011

18
19

_____
Marvin Cuaresma (Authorized Signature)

20
21

_____
Merriame Cuaresma (Authorized Signature)

22
23
24
25
26
27
28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT A

RECORDING REQUESTED BY
CHICAGO   TITLE   COMPANY
AND WHEN RECORDED MAIL TO

Marvin Cuaresma and Merriame
Cuaresma
1600 Norman Avenue
San Jose, CA 95125

DOCUMENT:   17616867

Pages   2

| | |
|---|---|
| Fees.. | 40.00 |
| Taxes | 2486 00 |
| Copies | |
| AMT PAID | 2526 00 |

BRENDA DAVIS
SANTA CLARA COUNTY RECORDER
Recorded at the request of
Chicago Title

RDE #  002
2/17/2004
8:00 AM

Escrow No. 994418 - IPA
Order No. 994418 - RD
APN#241-42-105

SPACE ABOVE THIS LINE FOR RECORDER'S USE

# GRANT DEED

Assessor's Parcel No:
241-42-105

THE UNDERSIGNED GRANTOR(S) DECLARE(S)
DOCUMENTARY TRANSFER TAX IS  Transfer Tax $621.50 / City Tax $1,864.50
☐ unincorporated area    ☒ City of  San Jose
☒ computed on the full value of the interest or property conveyed, or is
☒ computed on the full value less the value of liens or encumbrances remaining at time of sale, and
FOR A VALUABLE CONSIDERATION, receipt of which is hereby acknowledged,
Bruce H. Drazich and Janice L. Drazich, by Deed which recites "as Joint tenants"

hereby GRANT(S) to
Marvin/Cuaresma and Merriame/Cuaresma , husband and wife as joint tenants.
C.                          C.

the following described real property in the  City of San Jose
County of  SANTA CLARA            , State of California:
LEGAL DESCRIPTION ATTACHED HERETO AND MADE A PART HEREOF BY REFERENCE

Dated  January 29, 2004

STATE OF CALIFORNIA
COUNTY OF  Santa Clara           } SS.
On  1-30-04                     before me,
Irma P. Aranda
a Notary Public in and for said County and State, personally appeared
Bruce H. Drazich +
Janice L. Drazich
personally known to me (or proved to me on the basis of satisfactory
evidence) to be the person(s) whose name(s) is/are subscribed to the
within instrument and acknowledged to me that he/she/they executed the
same in his/her/their authorized capacity(ies), and that by his/her/their
signature(s) on the instrument the person(s), or the entity upon behalf of
which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

Signature of Notary        Date My Commission Expires       FOR NOTARY SEAL OR STAMP

Bruce H. Drazich

Janice L. Drazich

IRMA P ARANDA
Comm. #1438919
NOTARY PUBLIC-CALIFORNIA
Santa Clara County
My Comm. Expires Sept. 15, 2007

9/15/07

MAIL TAX STATEMENTS TO PARTY SHOWN ON FOLLOWING LINE: IF NO PARTY SO SHOWN, MAIL AS DIRECTED ABOVE

| Name | Street Address | City, State & Zip |
|---|---|---|
| | | |

GD1 –05/30/97bk

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT B

Letter of Objection to Trustee in Non-Judicial Sale States

The Trustee has an obligation of fair dealing with both the borrower and the lender. All to often the Trustee's loyalties follow the money, for it is the Lender that pays the bills. A Notice of Non-Judicial sale is very much like a Motion for Summary Judgment in Judicial Foreclosure States. It is designed to take the case off the docket and the get the sale over with as little trouble as possible --- where the facts are not in dispute, the borrower is in default, the lender has followed all the necessary procedures, and the Lender is in fact collecting on a debt that is owed. The Lender, by having the property sold is recovering part or all of the debt owed to the lender.

In the Mortgage Meltdown context however, everything is turned on its head for mortgages originated between 2001-2008. The Lender has already been paid, doesn't won the note and is attempting to score a windfall by getting the property in addition to the money it received from the REAL source of the financing. And the Lender has received an undisclosed fee of around 2.5% of the total "loan." The mortgage broker, the appraiser and other participants were also overpaid by as much as seven or eight times their normal fees to keep their mouths shut. The borrower's reliance on the good faith of these people was misplaced.

Thus when a property owner receives a notice of delinquency, notice of default or notice of sale, the borrower should write a letter that says something along these lines (subject to checking the verbiage with local counsel):

Dear Trustee:

I am in receipt of (fill in the notice you have received) dated (fill in the date). I hereby object to the Notice and request that you send a copy of this letter to your insurance carrier and all other interested parties as described herein for the following reasons:

1. There is no delinquency or default. The Lender has been paid in full plus a fee for standing in for an undisclosed third party lender that was not properly registered or regulated as a financial institution or lender at the time the transaction took place.
2. The Lender has failed to state the name or address of the holder in due course, John Does 1-1000, being the holders of certificates of asset backed securities, which are backed by the security instrument (mortgage) on the subject residential property.
3. The Lender does not own, possess or control the note or the mortgage,which has been satisfied in full. Demand is herewith made for satisfaction of mortgage to be filed in the appropriate county records.
4. Your authority as Trustee has also been transferred to the Trustee of the pooled mortgages and/or notes on various properties, real and personal, that were included in an asset pooled that was eventually securitized and sold to investors, who along with others in the chain of securitization acquired rights and obligations to the note, mortgage, and stream of revenue eventually due to the investor.
5. Because of the known presence of necessary and indispensable parties to any dispute that the true holders in due course might have against me, only a judicial

proceeding in which all parties are included will provide a fair determination of the rights, obligation and title to the property, mortgage and note.

6. The "loan closing" was in fact a scheme to trick me into issuing a negotiable instrument that was pre-sold to investors as an unregulated security. The parties and their fees were not revealed nor was the true APR disclosed, as it was inflated considerably by the intentional overstatement of the appraisal on the property.

7. The title agent, which might well be the same as the Trustee also has insurance for errors and omissions and the title insurance company that issued the policy will have total liability for this fraudulent transaction to the extent it had knowledge through its agents of the fraudulent scheme.

The totality of the transaction violates numerous state and federal laws including usury, Truth in Lending, deceptive business practices, and administrative standards for the practice of professions.

Therefore, please confirm the filing and recording of the satisfaction of mortgage, send the original note back to me (or tell me where it is), and confirm the retraction of the attempt to collect a debt which is incorrectly stated, improperly computed, improperly obtained, and fraudulently produced and transmitted.

Sincerely,

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT C

**CM-010**

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
  Auto (22)–Personal Injury/Property
    Damage/Wrongful Death
  Uninsured Motorist (46) *(if the
    case involves an uninsured
    motorist claim subject to
    arbitration, check this item
    instead of Auto)*
**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
  Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
      Wrongful Death
  Product Liability *(not asbestos or
    toxic/environmental)* (24)
  Medical Malpractice (45)
    Medical Malpractice–
      Physicians & Surgeons
    Other Professional Health Care
      Malpractice
  Other PI/PD/WD (23)
    Premises Liability (e.g., slip
      and fall)
    Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
    Intentional Infliction of
      Emotional Distress
    Negligent Infliction of
      Emotional Distress
    Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
  Business Tort/Unfair Business
    Practice (07)
  Civil Rights (e.g., discrimination,
    false arrest) *(not civil
    harassment)* (08)
  Defamation (e.g., slander, libel)
    (13)
  Fraud (16)
  Intellectual Property (19)
  Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
      *(not medical or legal)*
  Other Non-PI/PD/WD Tort (35)
**Employment**
  Wrongful Termination (36)
  Other Employment (15)

**Contract**
  Breach of Contract/Warranty (06)
    Breach of Rental/Lease
      Contract *(not unlawful detainer
        or wrongful eviction)*
    Contract/Warranty Breach–Seller
      Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
      Warranty
    Other Breach of Contract/Warranty
  Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections
      Case
  Insurance Coverage *(not provisionally
    complex)* (18)
    Auto Subrogation
    Other Coverage
  Other Contract (37)
    Contractual Fraud
    Other Contract Dispute
**Real Property**
  Eminent Domain/Inverse
    Condemnation (14)
  Wrongful Eviction (33)
  Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent
      domain, landlord/tenant, or
      foreclosure)*
**Unlawful Detainer**
  Commercial (31)
  Residential (32)
  Drugs (38) *(if the case involves illegal
    drugs, check this item; otherwise,
    report as Commercial or Residential)*
**Judicial Review**
  Asset Forfeiture (05)
  Petition Re: Arbitration Award (11)
  Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
      Case Matter
    Writ–Other Limited Court Case
      Review
  Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
      Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
  Antitrust/Trade Regulation (03)
  Construction Defect (10)
  Claims Involving Mass Tort (40)
  Securities Litigation (28)
  Environmental/Toxic Tort (30)
  Insurance Coverage Claims
    *(arising from provisionally complex
    case type listed above)* (41)
**Enforcement of Judgment**
  Enforcement of Judgment (20)
    Abstract of Judgment (Out of
      County)
    Confession of Judgment *(non-
      domestic relations)*
    Sister State Judgment
    Administrative Agency Award
      *(not unpaid taxes)*
    Petition/Certification of Entry of
      Judgment on Unpaid Taxes
    Other Enforcement of Judgment
      Case
**Miscellaneous Civil Complaint**
  RICO (27)
  Other Complaint *(not specified
    above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-
      harassment)*
    Mechanics Lien
    Other Commercial Complaint
      Case *(non-tort/non-complex)*
    Other Civil Complaint
      *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
  Partnership and Corporate
    Governance (21)
  Other Petition *(not specified
    above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
      Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late
      Claim
    Other Civil Petition

# Exhibit 2

1   **BRYAN CAVE LLP**
    Andrea M. Hicks, California Bar No. 219836
2   Joseph Poppen, California Bar No. 239282
    Two Embarcadero Center, Suite 1410
3   San Francisco, CA 94111-3907
    Telephone:    (415) 675-3400
4   Facsimile:     (415) 675-3434
    Email:        andrea.hicks@bryancave.com
5               joseph.poppen@bryancave.com

6   **BRYAN CAVE LLP**
    Robert E. Boone III, California Bar No. 132780
7   120 Broadway, Suite 300
    Santa Monica, CA 90401-2386
8   Telephone:    (310) 576-2100
    Facsimile:     (310) 576-2200
9   Email:     reboone@bryancave.com

10   DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE UNDER THE
     POOLING AND SERVICING AGREEMENT RELATING TO IMPAC SECURED
11   ASSETS CORP., MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-3
     (erroneously sued as Deustche Bank National Co.); BANK OF AMERICA, N.A.
12   (erroneously sued as Bank of America, N.A. Inc.); COUNTRYWIDE HOME LOANS,
     INC. (erroneously sued as Countrywide Home Loans); and MORTGAGE ELECTRONIC
13   REGISTRATION SYSTEMS, INC.

14            **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

15                **FOR THE COUNTY OF SANTA CLARA**

16

| | |
|---|---|
| 17    MARVIN CUARESMA, and MERRIAME CUARESMA | Case No.: 111CV204260 |
| 18            Plaintiffs, | **NOTICE TO ADVERSE PARTY AND STATE COURT OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT** |
| 19       vs. | |
| 20    DEUSTCHE BANK NATIONAL CO., IMPAC SECURED ASSETS CORP., BANK | |
| 21    OF AMERICA, N.A. INC., COUNTRYWIDE HOME LOANS, MORTGAGE | Complaint Filed:   July 1, 2011 |
| 22    ELECTRONIC REGISTRATION SYSTEMS, INC.; HSBC BANK USA, NATIONAL | Trial Date:      Not Assigned |
| 23    ASSOCIATION FOR THE BENEFIT OF ACE SECURITIES CORP. HOME EQUITY | |
| 24    LOAN TRUST, SERIES 2006-NC2 ASSET BACKED PASS-THROUGH | |
| 25    CERTIFICATES SERIES 2006-3 and DOES 1 through 100, inclusive, | |
| 26 | |
| 27          Defendants. | |

28

NOTICE TO ADVERSE PARTY AND STATE COURT OF REMOVAL

1      **TO PLAINTIFFS MARVIN CUARESMA AND MERRIAME CUARESMA, IN PRO**

2 **PER, AND THE CLERK OF THE ABOVE-ENTITLED COURT:**

3      **PLEASE TAKE NOTICE THAT** pursuant to 28 U.S.C. § 1446(d), a Notice of Removal

4 of this Action was filed in the United States District Court for the Northern District of California

5 on August 1, 2011, for the purpose of removing this action to federal court.  A copy of said Notice

6 of Removal and all documents received is attached to this Notice as Exhibit A and is served and

7 filed herewith.

8      Pursuant to 28 U.S.C. § 1446(d), this Court need take no further action with respect to this

9 case "unless and until the case is remanded."

10

11 Dated:  August 1, 2011                    **BRYAN CAVE LLP**

12

13                            By: _____

14                              Joseph Poppen

15                          Attorney for Defendants
                         DEUTSCHE BANK NATIONAL TRUST

16                          COMPANY, AS TRUSTEE UNDER THE
                         POOLING AND SERVICING AGREEMENT

17                          RELATING TO IMPAC SECURED ASSETS
                         CORP., MORTGAGE  PASS-THROUGH

18                          CERTIFICATES, SERIES 2006-3 (erroneously
                         sued as Deustche Bank National Co.); BANK

19                          OF AMERICA, N.A. (erroneously sued as
                         Bank of America, N.A. Inc.);

20                          COUNTRYWIDE HOME LOANS, INC.
                         (erroneously sued as Countrywide Home

21                          Loans); and MORTGAGE ELECTRONIC
                         REGISTRATION SYSTEMS, INC.

22

23

24

25

26

27

28

SF01DOCS\39406.1                    2

BRYAN CAVE LLP
TWO EMBARCADERO CENTER, SUITE 1410
SAN FRANCISCO, CA 94111-3907