1  **BRYAN CAVE LLP**
   Andrea M. Hicks, California Bar No. 219836
2  Joseph Poppen, California Bar No. 239282
   Two Embarcadero Center, Suite 1410
3  San Francisco, CA 94111-3907
   Telephone:    (415) 675-3400
4  Facsimile:    (415) 675-3434
   Email:        andrea.hicks@bryancave.com
5                joseph.poppen@bryancave.com

6  **BRYAN CAVE LLP**
   Robert E. Boone III, California Bar No. 132780
7  120 Broadway, Suite 300
   Santa Monica, CA 90401-2386
8  Telephone:    (310) 576-2100
   Facsimile:    (310) 576-2200
9  Email:        reboone@bryancave.com

10 DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE UNDER THE POOLING
   AND SERVICING AGREEMENT RELATING TO IMPAC SECURED ASSETS CORP.,
11 MORTGAGE  PASS-THROUGH CERTIFICATES, SERIES 2006-3 (erroneously sued as
   Deustche Bank National Co.); BANK OF AMERICA, N.A. (erroneously sued as Bank of
12 America, N.A. Inc.); COUNTRYWIDE HOME LOANS, INC. (erroneously sued as Countrywide
   Home Loans); and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.

13

14                    **UNITED STATES DISTRICT COURT**

15          **NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE DIVISION**

| | |
|---|---|
| 16 MARVIN CUARESMA, and MERRIAME CUARESMA | Case No. C11-03829 HRL |
| 17                Plaintiffs, | **DEFENDANTS DEUTSCHE BANK NATIONAL TRUST COMPANY; BANK OF AMERICA, N.A.; COUNTRYWIDE HOME LOANS, INC.; and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. NOTICE OF MOTION, AND MOTION TO DISMISS** |
| 18        vs. | |
| 19 DEUSTCHE BANK NATIONAL CO., IMPAC SECURED ASSETS CORP., BANK OF | |
| 20 AMERICA, N.A. INC., COUNTRYWIDE HOME LOANS, MORTGAGE ELECTRONIC | |
| 21 REGISTRATION SYSTEMS, INC.; HSBC BANK USA, NATIONAL ASSOCIATION FOR | [Filed concurrently with Request for Judicial Notice; [Proposed] Order] |
| 22 THE BENEFIT OF ACE SECURITIES CORP. HOME EQUITY LOAN TRUST, SERIES 2006- | Date:        October 4, 2011 |
| 23 NC2 ASSET BACKED PASS-THROUGH CERTIFICATES SERIES 2006-3 and DOES 1 | Time:        10:00 a.m. Courtroom:  2, 5th Floor |
| 24 through 100, inclusive, | |
| 25                Defendants. | Complaint filed:      July 1, 2011 Trial date:        Not Assigned |
| 26 | |
| 27 | |

28

BRYAN CAVE LLP
TWO EMBARCADERO CENTER, SUITE 1410
SAN FRANCISCO, CA 94111-3907

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that the Motion to Dismiss and Motion to Strike of Defendants Deutsche Bank National Trust Company,[1] Bank of America, N.A.[2]; Countrywide Home Loans, Inc.[3]; and Mortgage Electronic Registration Systems, Inc. (collectively "Movants") to the Complaint filed by Plaintiffs Marvin Cuaresma and Merriame Cuaresma ("Plaintiffs") will be heard on October 4, 2011, at 10:00 a.m., or as soon thereafter as the matter may be heard in Courtroom 2 of the San Jose Division of the United States District, Northern District of California, the Honorable Howard R. Lloyd presiding.

The Motion to Dismiss is made pursuant to Federal Rule of Civil Procedure 12(b)(6) and based on the ground that each of Plaintiffs' claims for relief as against Movants fail to state a claim upon which relief can be granted.  Movants move to strike Complaint Prayer paragraph 3 (requesting Punitive Damages) and Complaint paragraph 13 and Prayer paragraphs 8, 15, and 18 (all requesting Attorney's Fees) pursuant to Rule 12(f), on the ground that Plaintiffs' request for Punitive Damages and Attorney's Fees is improper.   Movants' request to strike out the claims for punitive damages and attorney's fees on this motion is consistent with the Ninth Circuit's decision in the matter *Whittlestone, Inc. v. Handi-Craft Co*., No. 09-16353, 2010 WL 3222417 (9th Cir. Aug. 17, 2010).

The Motion to Dismiss and Motion to Strike will be based on this Notice of Motion and Motion, the following Memorandum of Points and Authorities, the Request for Judicial Notice, the pleadings and other documents filed in this action, and upon such other and further matters as the Court deems appropriate.

BRYAN CAVE LLP
TWO EMBARCADERO CENTER, SUITE 1410
SAN FRANCISCO, CA 94111-3907

---

[1] As Trustee Under The Pooling And Servicing Agreement Relating To IMPAC Secured Assets Corp., Mortgage Pass-Through Certificates, Series 2006-3 (erroneously sued as Deustche Bank National Co.)

[2] Erroneously sued as Bank of America, N.A. Inc.

[3] Erroneously sued as Countrywide Home Loans.

Dated:  August 9, 2011

**BRYAN CAVE LLP**
Andrea M. Hicks
Joseph Poppen


By: /s/ Joseph Poppen
        Joseph Poppen
Attorneys for Defendants
DEUTSCHE BANK NATIONAL TRUST
COMPANY, AS TRUSTEE UNDER THE
POOLING AND SERVICING AGREEMENT
RELATING TO IMPAC SECURED ASSETS
CORP., MORTGAGE  PASS-THROUGH
CERTIFICATES, SERIES 2006-3 (erroneously sued
as Deustche Bank National Co.); BANK OF
AMERICA, N.A. (erroneously sued as Bank of
America, N.A. Inc.); COUNTRYWIDE HOME
LOANS, INC. (erroneously sued as Countrywide
Home Loans); and MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC.

BRYAN CAVE LLP
TWO EMBARCADERO CENTER, SUITE 1410
SAN FRANCISCO, CA 94111-3907

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ................................................................................................ 1

II.   THE FACTS ESTABLISHED BY THE COMPLAINT AND THE LOAN
      DOCUMENTS ................................................................................................... 1

III.  LEGAL STANDARD ON A MOTION TO DISMISS ..................................... 3

IV.   MOVANTS' MOTION TO DISMISS SHOULD BE GRANTED BECAUSE THE
      COMPLAINT FAILS TO STATE FACTS SUFFICIENT TO CONSTITUTE ANY
      CAUSE OF ACTION ........................................................................................ 3

      A.   Plaintiffs Lack Standing To Challenge The Foreclosure Sale Or Process
           Because Plaintiffs Fail To Allege Tender ................................................ 3

      B.   Plaintiffs' First And Second Causes Of Action For Fraud Fail .............. 4

           1.   Both Fraud Causes of Action Are Time Barred ........................... 5

           2.   The Complaint Fails To State Facts Establishing A
                Misrepresentation Of Material Fact By Movants ......................... 5

           3.   Plaintiffs Fail To Allege Facts Constituting Damages Or Causation ........... 7

      C.   Plaintiffs' Third Cause Of Action For Violation Of The Fair Debt
           Collection Practices Act Fails ................................................................. 8

      D.   Plaintiffs' Fourth Cause Of Action For "Predatory Lending" Fails ........ 9

           1.   The Complaint Fails To State Facts Sufficient To Maintain A TILA
                Or HOEPA Claim Because The Complaint Fails To Plead The
                Terms Of The Loan Nor Does It Identify Any Disclosures That
                Were Allegedly Improper ........................................................... 10

           2.   Plaintiffs' TILA And HOEPA Claims are Time-Barred ............ 11

           3.   Plaintiffs' TILA And HOEPA Claims Fail Because Plaintiffs Fail
                To Allege Tender ....................................................................... 11

      E.   Plaintiffs' Fifth Cause Of Action For "Breach Of Trust Contract" Fails .......... 12

      F.   Plaintiffs' Sixth Cause Of Action For RICO Violations Fails ............... 13

      G.   Plaintiffs' Seventh Cause Of Action For Quiet Title Fails .................... 15

      H.   Plaintiffs' Cause Of Action For Declaratory Relief Fails ..................... 16

      I.   Plaintiffs' Cause Of Action For Injunctive Relief Fails ......................... 16

V.    PLAINTIFFS' PUNITIVE DAMAGES ALLEGATIONS MUST BE STRICKEN ......... 16

BRYAN CAVE LLP
TWO EMBARCADERO CENTER, SUITE 1410
SAN FRANCISCO, CA 94111-3907

VI.     PLAINTIFF'S REQUEST FOR ATTORNEY'S FEES MUST BE STRICKEN .............. 17

VII.    CONCLUSION ............................................................................................................. 18

BRYAN CAVE LLP
TWO EMBARCADERO CENTER, SUITE 1410
SAN FRANCISCO, CA 94111-3907

## TABLE OF AUTHORITIES

**Page**

### CASES

*Acoustics, Inc. v. Trepte Construction Co.*,
  14 Cal.App.3d 887 (1971) ...................................................................................... 13

*Aguilar v. Bocci*,
  39 Cal. App. 3d 475 (1974) ..................................................................................... 15

*Alicea v. GE Money Bank*,
  2009 U.S. Dist. LEXIS 60813 (N.D. Cal. 2009) ...................................................... 4

*Am. Mortg. Network v. Shelton*,
  486 F.3d 815 (4th Cir. 2007) ................................................................................... 12

*Arnolds Mgmt. Corp.* v. *Eischen*,
  158 Cal. App. 3d 575 (1984) ..................................................................................... 4

*Ashcroft v. Iqbal*,
  129 S.Ct. 1937 (2009) ............................................................................................... 3

*Bell Atlantic Corp. v. Twombly*,
  550 U.S. 544, 127 S. Ct. 1955 (2007) ....................................................................... 3

*Blake v. Dierdorff*,
  856 F.2d 1365 (9th Cir. 1988) ................................................................................. 14

*Branch v. Tunnell*,
  14 F.3d 449 (9th Cir. 1994) ....................................................................................... 3

*Cal. Ins. Guar. Ass'n v. Superior Court*,
  231 Cal. App. 3d 1617 (1991) ................................................................................. 16

*Connors v. Home Loan Corp.*,
  2009 WL 1615989 (S.D. Cal. 2009) ......................................................................... 8

*Cooper v. Pickett*,
  137 F.3d 616 (9th Cir. 1997) ..................................................................................... 5

*Das v. Bank of America*,
  186 Cal.App.4th 727 (2010) .................................................................................... 12

*David Welch Co. v. Erskine & Tulley*,
  203 Cal. App. 3d 884 (1988) ................................................................................... 12

*Desaigoudar v. Meyercord*,
  223 F.3d 1020 (9th Cir. 2000) ................................................................................... 4

*Diaz v. Gates*,
  420 F.3d 897 (9th Cir. 2005) ................................................................................... 14

**DEFENDANTS' MOTION TO DISMISS; CASE NO. C11-03829HRL**

BRYAN CAVE LLP
TWO EMBARCADERO CENTER, SUITE 1410
SAN FRANCISCO, CA 94111-3907

BRYAN CAVE LLP
TWO EMBARCADERO CENTER, SUITE 1410
SAN FRANCISCO, CA 94111-3907

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*Domarad v. Fisher & Burke, Inc.*,
   270 Cal. App. 2d 543 (1969) ..................................................................... 7, 13

*Durning v. First Boston Corp.*,
   815 F.2d 1265 (9th Cir. 1987) ........................................................................ 3

*Edelman v. Bank of America Corp*., Case No SACV 09-00309-CJC (MLGx),
   2009 WL 1285858 (C.D. Cal. 2009) ............................................................ 11

*Edwards v. Marin Park, Inc.*,
   356 F.3d 1058 (9th Cir. 2004) ........................................................................ 5

*Gaffney v. Downey Savs. & Loan Assn.*,
   200 Cal. App. 3d 1154 (1988) ........................................................................ 4

*Galbraith v. County of Santa Clara*,
   307 F.3d 1199 (9th Cir. 2002) ........................................................................ 3

*Gomes v. Countrywide Home Loans, Inc.*,
   192 Cal. App. 4th 1149 (2011) .................................................................... 6, 7

*Hallas v. Ameriquest Mortg. Co.*,
   406 F. Supp. 2d 1176 (D. Or. 2005) ............................................................ 11

*Haskin v. R.J. Reynolds Tobacco Co.*,
   995 F. Supp. 1437 (M.D. Fla. 1998) .............................................................. 5

*Heintz v. Jenkins*,
   514 U.S. 291 (1995) ........................................................................................ 8

*Hulse v. Ocwen Federal Bank, FSB*,
   195 F.Supp.2d 1188 (D.Or.2002) .................................................................. 9

*In re Community Bank of Northern Va.*,
   418 F.3d 277 (3d Cir. 2005) ........................................................................... 9

*Izenberg v. ETS Servs., LLC*,
   589 F. Supp. 2d 1193 (C.D. Cal. Dec. 8, 2008) ............................................ 9

*Justice v. Countrywide Home Loans, Inc.*,
   2006 WL 141746 (E.D. Tenn. Jan. 18, 2006) ............................................. 10

*Karlsen* v. *Am. Sav.* & *Loan Ass'n*,
   15 Cal. App. 3d 112 (1971) ............................................................................ 4

*Kelly v. Countrywide Home Loans, Inc.*, No. CV F 09-1148,
   2009 WL 3489422 (E.D. Cal. Oct. 26, 2009) .............................................. 10

*Kemezis v. Matthew*, No. Civ.A. 07-5086,
   2008 WL 2468377 (E.D. Pa. June 16, 2008) ............................................... 11

*King v. State of California*,
   784 F.2d 910 (9th Cir. 1986) ........................................................................ 11

*La Grone v. Johnson*,
    534 F.2d 1360 (9th Cir. 1976) .................................................................... 12

*Lee v. Aurora Loan Servs.*,
    2010 WL 1999590 (N.D. Cal. 2010) ........................................................... 15

*Marks v. Chicoine*, No. C 06-06806 SI,
    2007 WL 160992 (N.D. Cal. Jan. 18, 2007) ............................................... 10

*Marlin v. AIMCO Venezia, LLC*,
    154 Cal. App. 4th 154 (2007) ...................................................................... 16

*Meyer v. Ameriquest Mortg. Co.*,
    342 F.3d 899 (9th Cir. 2003) ....................................................................... 11

*Miguel v. Country Funding Corp.*,
    309 F.3d 1161 (9th Cir. 2002),
     *cert. denied*, 539 U.S. 927, 123 S. Ct. 2577 (2003) ................................. 11

*Moore v. Kayport Package Express, Inc.*,
    885 F.2d 531 (9th Cir. 1989) ......................................................................... 5

*Navarro v. Block*,
    250 F.3d 729 (9th Cir. 2001) ......................................................................... 3

*Nguyen v. Calhoun*,
    105 Cal. App. 4th 428 (2003) ........................................................................ 4

*Nichols v. Greenpoint Mortg. Funding, Inc.*,
    Case No. SA CV 08-750 DOC (MLGx),
    2008 WL 3891126 (C.D. Cal. 2008) ........................................................... 12

*Nool v. Home Q Servicing*,
    653 F. Supp. 2d 1047 (E.D. Cal. 2009) ................................................... 7, 13

*Nymark v. Heart Fed. Sav. & Loan Assn.*,
    231 Cal. App. 3d 1089 (1991) ..................................................................... 12

*Oaks Management Corp. v. Superior Court*,
    145 Cal. App. 4th 453 (2007) ...................................................................... 12

*Occupational-Urgent Care Health Sys., Inc. v. Sutro & Co., Inc.*,
    711 F. Supp. 1016 (E.D. Cal. 1989) ....................................................... 13, 14

*Pillsbury, Madison, & Sutro v. Lerner*,
    31 F.3d 924 (9th Cir. 1988) ......................................................................... 14

*Pincay v. Andrews*,
    238 F.3d 1106 (9th Cir. 2001) ..................................................................... 14

*Putkkuri v. ReconTrust Co.*,
    2009 WL 32567 (S.D. Cal. 2009) ............................................................ 7, 13

*Quintos v. Decision One Mortgage Co., LLC*,
    2008 WL 5411636 (S.D. Cal. Dec. 29, 2008) ......................................... 7, 13

BRYAN CAVE LLP
TWO EMBARCADERO CENTER, SUITE 1410
SAN FRANCISCO, CA 94111-3907

*R.D. Reeder Lathing Co. v. Cypress Ins. Co.*,
   3 Cal. App. 3d 995 (1970) ....................................................................................... 7, 8

*San Diego Home Solutions, Inc. v. ReconTrust Co.*,
   2008 WL 5209972 (S.D. Cal. 2008) ........................................................................... 13

*Scott v. Wells Fargo Home Mortg., Inc.*,
   326 F. Supp. 2d 709 (E.D. Va. 2003) ........................................................................... 9

*Shimpones v. Stickney*,
   219 Cal. 6379 (1934) .................................................................................................. 15

*Smith v. Superior Court*,
   10 Cal. App. 4th 1033 (1992) ..................................................................................... 17

*Stansfield v. Starkey*,
   220 Cal. App. 3d 59 (1990) .......................................................................................... 6

*Swartz v. KPMG LLP*,
   476 F.3d 756 (9th Cir. 2007) ........................................................................................ 5

*Tarmann v. State Farm Mutual Insurance Company*,
   2 Cal. App. 4th 153 ...................................................................................................... 6

*U.S. Cold Storage v. Great W. Sav. & Loan Ass'n*,
   165 Cal. App. 3d 1214 (1985) ...................................................................................... 4

*Wall St. Network, Ltd. v. New York Times Co.*,
   164 Cal. App. 4th 1171 (2008) ................................................................................... 13

*Wallis v. Farmers Group, Inc.*,
   220 Cal. App. 3d 718 (1990) ........................................................................................ 7

*Whittlestone, Inc. v. Handi-Craft Co.*, No. 09-16353,
   2010 WL 3222417 (9th Cir. Aug. 17, 2010) .............................................................. 17

*Williams v. Countrywide Home Loans, Inc.*,
   504 F. Supp. 2d 176 (S.D. Tex. 2007) .......................................................................... 8

*Wong v. Am. Servicing Co., Inc.*,
   2009 WL 5113516 (E.D. Cal. 2009) ........................................................................... 12

*Yamamoto v. Bank of New York*,
   329 F.3d 1167 (9th Cir. 2003) .................................................................................... 12

## **STATUTES**

12 C.F.R. § 226.32(a) ....................................................................................................... 10

15 U.S.C. § 1602(aa)(1) & (3) ......................................................................................... 10

15 U.S.C. § 1640(e) .......................................................................................................... 11

15 U.S.C. § 1692(a)(6) ....................................................................................................... 8

BRYAN CAVE LLP
TWO EMBARCADERO CENTER, SUITE 1410
SAN FRANCISCO, CA 94111-3907

15 U.S.C. §§ 1635(f) ........................................................................................... 11

Cal. Civ. Proc. Code § 1021 ............................................................................... 17

Cal. Civ. Proc. Code § 338(d) ............................................................................. 5

Cal. Civil Code § 1691(b) .................................................................................. 15

Civ. Code § 2936 ............................................................................................ 7, 13

## **OTHER AUTHORITIES**

4 Miller & Starr, California Real Estate § 10:212 (3d ed. 2003) ................................. 15

BRYAN CAVE LLP
TWO EMBARCADERO CENTER, SUITE 1410
SAN FRANCISCO, CA 94111-3907

BRYAN CAVE LLP
TWO EMBARCADERO CENTER, SUITE 1410
SAN FRANCISCO, CA 94111-3907

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.      INTRODUCTION**

Plaintiffs' Complaint premises various causes of action stated against her lenders and their assigns Defendants Deutsche Bank National Trust Company,[4] Bank of America, N.A.[5]; Countrywide Home Loans, Inc.[6]; and Mortgage Electronic Registration Systems, Inc. (collectively "Movants"), on allegations pertaining to the origination of Plaintiffs' $497,000.00 loan to purchase real property located at 1210 Murphy Avenue, San Jose, California, 95131.

Plaintiffs fail to allege facts establishing that they made any payment under the loan at any time.  Plaintiffs fail to allege the terms of the loans and fail to attach any loan documents. Plaintiffs fail to attach any of the recorded foreclosure documents pursuant to which Movants foreclosed on the property, and pursuant to which it was sold at trustee sale on May 10, 2010, more than a year prior to the filing of the instant Complaint.  Movants acted properly and within California's non-judicial foreclosure statute and the Complaint fails to allege facts establishing otherwise.

Plaintiffs' causes of action are barred by the applicable statute of limitations.  Additionally, Plaintiffs' failure to properly allege tender of the amount due on their loan renders each cause of action defective because each attempts to set aside the foreclosure sale that has already occurred. Finally, the Complaint's allegations simply fail to state the facts necessary to maintain any one of the stated causes of action.  As such, this motion to dismiss must be granted and should be granted without leave to amend.

**II.     THE FACTS ESTABLISHED BY THE COMPLAINT AND THE LOAN DOCUMENTS**

Plaintiff's Complaint fails to attach a single loan document, and alleges only the scantest terms of the Notes or Deeds of Trust at issue.  The Court can and should look to the actual

---

[4] As Trustee Under The Pooling And Servicing Agreement Relating To IMPAC Secured Assets Corp., Mortgage Pass-Through Certificates, Series 2006-3 (erroneously sued as Deustche Bank National Co.)

[5] Erroneously sued as Bank of America, N.A. Inc.

[6] Erroneously sued as Countrywide Home Loans.

BRYAN CAVE LLP
TWO EMBARCADERO CENTER, SUITE 1410
SAN FRANCISCO, CA 94111-3907

1   transaction documents attached to Defendants' Request for Judicial Notice ("RJN"), which

2   contradict Plaintiffs' claims.  However, Movants' Motion to Dismiss must be granted even if

3   review is confined to the Complaint alone.

4          On June 5, 2006, Plaintiffs executed a Promissory Note in the amount of $497,000.00

5   secured by a Deed of Trust recorded against the real property located at 1210 Murphy Avenue,

6   San Jose, California, 95131 ("Property")[7]. (RJN, Ex. A & B; Compl ¶¶ 1, 2, 14-17; 19).  The

7   Lender under the Deed of Trust was Express Capital Lending, and the Deed of Trust expressly

8   states that MERS is the "Beneficiary" thereunder, and that MERS has the right to conduct

9   foreclosure proceedings.  RJN, Ex. B at pp. 2-3.

10         Plaintiffs fail to allege facts showing that they ever made any payment under the Deed of

11  Trust.  (*See generally* Compl).

12         On August 27, 2009, Defendant MERS assigned its rights under the Deed of Trust to

13  Defendant Deutsche Bank National Trust Company.  (RJN, Ex. C).

14         On September 11, 2009, MTC Financial, Inc. dba Trustee Corps. "acting as Agent for

15  Deutsche Bank National Trust Company" issued a Notice of Default and Election to Sell Under

16  Deed of Trust noting that Plaintiffs were at that time $34,980.00 in arrears.  (RJN, Ex. D).

17         On April 14, 2010, Defendant Deutsche Bank recorded a Substitution of Trustee naming

18  MTC Financial, Inc. dba Trustee Corps. as the acting Trustee under the Deed of Trust. (RJN, Ex.

19  E).

20         On April 14, 2010, MTC Financial, Inc. dba Trustee Corps. recorded a Notice of Trustee

21  Sale setting a May 10, 2010 sale date and noting the reinstatement payoff amount on the loan was

22  $557,060.20 at that date. (RJN, Ex. F).

23         On May 15, 2010, MTC Financial, Inc. dba Trustee Corps. recorded a Trustee's Deed

24  Upon Sale noting that the Property was sold on May 10, 2010. (RJN, Ex. G).

25

26

27  _____

[7] Plaintiffs also obtained $106,500.00 on June 5, 2006 by executing a second promissory note secured by a second
28  deed of trust recorded against the Property.  (*See* RJN, Ex. H & I).  However, the Complaint makes no reference to the
second deed of trust and no allegations pertaining to are contended to support any cause of action.

BRYAN CAVE LLP
TWO EMBARCADERO CENTER, SUITE 1410
SAN FRANCISCO, CA 94111-3907

## III.   LEGAL STANDARD ON A MOTION TO DISMISS

Motions to dismiss pursuant to Rule 12(b)(6) test the legal sufficiency of the complaint. *See Navarro v. Block,* 250 F.3d 729, 732 (9th Cir. 2001).  However, mere "labels and conclusions" and/or "formulaic recitation[s] of the elements of a cause of action" will not suffice to overcome a motion to dismiss.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted).  The United States Supreme Court has recently summarized the guiding principles in *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949-50 (2009)

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true to "state a claim to relief that is plausible on its face."  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. . . .   [T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.  *Id.* (internal citations omitted).

On a motion to dismiss, the Court should also disregard allegations that are contradicted by exhibits to the complaint, or by documents referred to in the complaint and considered pursuant to judicial notice.  *Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987).  The Court may take judicial notice of Plaintiff's loan documents and their contents, because they are referenced, and thus deemed incorporated, in the Complaint.  *See Branch v. Tunnell*, 14 F.3d 449, 453-54 (9th Cir. 1994), overruled on other grounds by *Galbraith v. County of Santa Clara*, 307 F.3d 1199 (9th Cir. 2002).  Defendants request that the Court take judicial notice of the loan documents and their terms in evaluating the sufficiency of Plaintiff's claims.  (*See* RJN.)

## IV.   MOVANTS' MOTION TO DISMISS SHOULD BE GRANTED BECAUSE THE COMPLAINT FAILS TO STATE FACTS SUFFICIENT TO CONSTITUTE ANY CAUSE OF ACTION

### A.   Plaintiffs Lack Standing To Challenge The Foreclosure Sale Or Process Because Plaintiffs Fail To Allege Tender

Plaintiffs must allege a credible and unconditional tender of the entire unpaid balance of the loan to maintain any action challenging a foreclosure sale or seeking damages based

BRYAN CAVE LLP
TWO EMBARCADERO CENTER, SUITE 1410
SAN FRANCISCO, CA 94111-3907

thereupon.  *See Karlsen* v. *Am. Sav. & Loan Ass'n,* 15 Cal. App. 3d 112, 121 (1971).[8]  "The law is long-established that a trustor or his successor must tender the obligation in full as a prerequisite to challenge of the foreclosure sale." *U.S. Cold Storage v. Great W. Sav. & Loan Ass'n,* 165 Cal. App. 3d 1214, 1222 (1985); *Gaffney v. Downey Savs. & Loan Assn.*, 200 Cal. App. 3d 1154, 1165 (1988).  "When a debtor is in default of a home mortgage loan, and a foreclosure is either pending or has taken place, the debtor must allege a credible tender of the amount of the secured debt to maintain any cause of action for wrongful foreclosure." *Alicea v. GE Money Bank*, 2009 U.S. Dist. LEXIS 60813, *3 (N.D. Cal. 2009).  "The rules which govern tenders are strict and are strictly applied . . . ." *Nguyen v. Calhoun*, 105 Cal. App. 4th 428, 439 (2003).

Further, the tender requirement applies to any claim "implicitly integrated" with the foreclosure sale—not merely claims that challenge the sale, but also those that seek damages related to the sale. *Arnolds Mgmt. Corp.* v. *Eischen,* 158 Cal. App. 3d 575, 579 (1984).

Here, each cause of action in the Complaint seeks damages, injunctive and declaratory relief based upon the foreclosure sale and process.  (*See e.g.* Compl. Prayer Numbers 4, 19, 20, 21-24; Compl. ¶ 15-17, 19-25, 26-27, 29-32, 33-34, 35-39, 41-43, 45-49, 50-51.  Each cause of action is therefore "implicitly integrated" with the foreclosure sale.  *See Arnolds Mgmt. Corp.,* 158 Cal. App. 3d at 579.  However, the Complaint fails to allege any facts that establish: 1) that Plaintiffs have the ability to tender the requisite amount; nor 2) that Plaintiffs agree that they will in fact tender said amount.  (*See generally* Compl).  Accordingly, the tender rule bars *each* of the Complaint's nine causes of action and they must be dismissed.

**B.     <u>Plaintiffs' First And Second Causes Of Action For Fraud Fail</u>**

Federal Rule of Civil Procedure Rule 9(b) specifies that when "alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." *See also Desaigoudar v. Meyercord*, 223 F.3d 1020, 1022-23 (9th Cir. 2000) (fraud must be pleaded "with a high degree of meticulousness").  A plaintiff must specifically plead (1) the contents of the misrepresentation, (2) the identity of the speaker and his or her authority to speak, (3) when and

---

[8] Tender is "an unconditional offer of payment consisting in the actual production, in current coin of the realm, of a sum not less than the amount due on a specific debt or obligation."  74 AM. JUR. 2d (2001) Tender § 1, p. 530.

BRYAN CAVE LLP
TWO EMBARCADERO CENTER, SUITE 1410
SAN FRANCISCO, CA 94111-3907

where the statements were made, (4) whether the statements were oral or written and, in the latter instance, the specific documents containing the representations, and (5) the manner in which the representations are allegedly false or misleading.  *See Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 549 (9th Cir. 1989); *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997); *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1066 (9th Cir. 2004) ("To avoid dismissal for inadequacy under Rule 9(b), [the] complaint would need to state the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentation.") (internal quotations omitted).

Further, "Rule 9(b) does not allow a complaint to merely lump multiple defendants together but requires plaintiffs to differentiate their allegations when suing more than one defendant and inform each defendant separately of the allegations surrounding his alleged participation in the fraud.'"  *Swartz v. KPMG LLP*, 476 F.3d 756, 764-65 (9th Cir. 2007) (quoting *Haskin v. R.J. Reynolds Tobacco Co.*, 995 F. Supp. 1437, 1439 (M.D. Fla. 1998)).  "In the context of a fraud suit involving multiple defendants, a plaintiff must, at a minimum, 'identify the role of each defendant in the alleged fraudulent scheme.'"  *Id.* at 765 (quoting *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 541 (9th Cir. 1989)).

### 1.   <u>Both Fraud Causes of Action Are Time Barred</u>

A three-year statute of limitation applies to a claim sounding in fraud.  Cal. Civ. Proc. Code § 338(d).  Here, the loan documents were signed on June 5, 2006 and the factual allegations under the Complaint's first and second causes of action for fraud are based upon the June 5, 2006 origination of the loan.  (Compl ¶¶ 1, 2, 14-17; 19).  Plaintiffs' Complaint was filed on July 1, 2011, over five years after loan origination.  As such, Plaintiffs' first and second causes of action for fraud are time-barred under Cal. Civ. Proc. Code § 338(d).

### 2.   <u>The Complaint Fails To State Facts Establishing A Misrepresentation Of Material Fact By Movants</u>

Additionally, the Complaint fails to plead facts establishing Movants made any knowing misrepresentation of fact, and certainly does not plead any such facts with the requisite specificity. "Every element of the cause of action for fraud must be alleged in the proper manner and the facts

1    constituting the fraud must be alleged with sufficient specificity . . . ." *Tarmann v. State Farm*

2    *Mutual Insurance Company*, 2 Cal. App. 4th 153, 157 (1991).  To meet the particularity

3    requirements, a plaintiff must plead "facts which show how, when, where, to whom, and by what

4    means the representations were tendered."  *Stansfield v. Starkey*, 220 Cal. App. 3d 59, 73-74

5    (1990).

6         Here, the Complaint simply fails to state any facts establishing how, when, where, to

7    whom and by what means any alleged misrepresentation was made, whether orally or in writing.

8    (*See generally* Compl.).  As such, the Complaint fails to state facts sufficient to support a cause of

9    action for fraud and the motion to dismiss must be granted.

10        With respect to Plaintiffs' allegations that Defendant MERS did not have the power to

11   foreclosure or assign the right to foreclose, they are incorrect as a matter of law and under the

12   terms of the Deed of Trust.  The Deed of Trust itself expressly provided MERS with the right to

13   conduct foreclosure proceedings and to exercise the power of sale.  (RJN, Ex. B).  MERS, as

14   nominee for a beneficiary under a deed of trust, may exercise the right to foreclose. *Gomes v.*

15   *Countrywide Home Loans, Inc.*, 192 Cal. App. 4th 1149, 1154-1159 (2011).  The court in *Gomes*

16   encountered the same arguments raised by Plaintiff here and rejected them, holding: 1) there is no

17   right of action under California law to permit a borrower to challenge the non-judicial foreclosure

18   of a loan simply because MERS is a nominal beneficiary under the borrower's deed of trust (*Id*. at

19   1154-1157); and 2) that the plaintiff had explicitly agreed, in his deed of trust, to MERS's powers

20   as nominal beneficiary and therefore could not claim that MERS had no right to foreclose or

21   assign the right to foreclose.  *Id.* at 1157-1159 (stating "Gomes's agreement that MERS has the

22   authority to foreclose… precludes him from pursuing a cause of action premised on the allegation

23   that MERS does not have the authority to do so."

24        Exactly like the plaintiff in *Gomes*, here Plaintiffs explicitly agreed to the terms set forth in

25   the Deed of Trust that expressly identify MERS's role as nominal beneficiary with the same

26   powers as the beneficiary. (RJN, at Ex. B. at p. 2 ¶ (E).  Importantly, Plaintiffs further explicitly

27   acknowledged MERS and granted MERS and its assigns the right to foreclose in the event of their

28   default:

BRYAN CAVE LLP
TWO EMBARCADERO CENTER, SUITE 1410
SAN FRANCISCO, CA 94111-3907

BRYAN CAVE LLP
TWO EMBARCADERO CENTER, SUITE 1410
SAN FRANCISCO, CA 94111-3907

> Borrower understands and agrees that . . . **MERS (as nominee for Lender and Lender's successors and assigns) has the right**:  to exercise any or all of those interests, including, but not limited to, the right **to foreclose and sell the Property**; and to take any action required of Lender including, but not limited to, releasing and canceling this Security Instrument. (RJN, Ex. B at page 3)

Here as in *Gomes*, because Plaintiffs agreed to these terms expressly granting MERS the right to exercise the power of sale under the Deed of Trust, Plaintiffs cannot now assert that the foreclosure is invalid simply because MERS has exercised its contractual powers. *Id*. at 1157-1159.

To the extent either of these fraud claims are based on the notion that a foreclosing entity must "hold the original note" in order to conduct foreclosure proceedings, Plaintiffs are legally incorrect. California Courts unanimously do *not* require that the foreclosing party "must show that they were the holder of the Note" in order to foreclose.  *See Nool v. Home Q Servicing*, 653 F. Supp. 2d 1047, 1053 (E.D. Cal. 2009); *Quintos v. Decision One Mortgage Co., LLC*, 2008 WL 5411636, at *3 (S.D. Cal. Dec. 29, 2008)  *Benham v. Aurora Loan Servs.*, No. C-09-2059 SC, 2009 U.S. Dist. LEXIS 78384, *10-11 (N.D. Cal. Sept. 1, 2009), *citing Hafiz v. Greenpoint Mortg. Funding, Inc.*, 652 F. Supp. 2d 1039, 1043 (N.D. Cal. 2009); *see also Davidson v. Countrywide Home Loans, Inc.*, No. 09-cv-2694-IEG (JMA), 2010 U.S. Dist. LEXIS 24589, *13-14 (S.D. Cal. Mar. 16, 2010). [9]

### 3.   Plaintiffs Fail To Allege Facts Constituting Damages Or Causation

Fraud requires that Plaintiffs allege facts establishing that their reliance upon a misrepresentation caused them to sustain specific pecuniary damage.  *R.D. Reeder Lathing Co. v. Cypress Ins. Co.*, 3 Cal. App. 3d 995, 999 (1970); *Wallis v. Farmers Group, Inc.*, 220 Cal. App. 3d 718, 734 (1990).  Here, Plaintiffs' only specification of any damages is that a foreclosure sale has occurred.  (Compl. ¶¶ 17, 25).  Thus, both the first and second causes of action for fraud fail to allege facts establishing the elements of causation or damages for several reasons.

First, the Complaint simply does not state facts establishing that Plaintiffs ever relied on

---

[9] *See also Tina v. Countrywide Home Loans, Inc.*, 2008 WL 4790906, at *7 (S.D. Cal. Oct. 30, 2008); *San Diego Home Solutions, Inc. v. ReconTrust Co.*, 2008 WL 5209972, at *2 (S.D. Cal. 2008); *Putkkuri v. ReconTrust Co.*, 2009 WL 32567, at *2 (S.D. Cal. 2009); Civ. Code § 2936; *Domarad v. Fisher & Burke, Inc.*, 270 Cal. App. 2d 543 (1969).

**DEFENDANTS' MOTION TO DISMISS; CASE NO. 3:11-cv-02629-JCS**

any alleged misrepresentation, nor that any alleged reliance proximately caused them to sustain any actual pecuniary loss.  (*See generally* Compl).  As such, the first and second causes of action for fraud must be dismissed.  *See e.g. R.D. Reeder Lathing Co.*, 3 Cal. App. 3d at  999.

Second, as set forth at Section IV(A) above, Plaintiffs cannot seek alleged damages based on the foreclosure process or sale because Plaintiffs have failed to allege tender.

Third, the Complaint fails to allege facts showing that Plaintiffs at any time made any payment under the loan, and any foreclosure sale of the property cannot have been proximately caused by any alleged improper conduct by Movants, rather than by Plaintiffs' delinquency and failure to make payments under the terms of the Deed of Trust.  Again, Plaintiffs fail to allege they made any payments under the loan, and Movants were legally entitled to foreclose on the property pursuant to the Deed of Trust and California's non judicial foreclosure statute.  (*See* RJN, Ex. B, C, D, E, F & G).

**C.**      <u>**Plaintiffs' Third Cause Of Action For Violation Of The Fair Debt Collection Practices Act Fails**</u>

The Fair Debt Collection Practices Act ("FDCPA") "prohibits 'debt collector[s]' from making false or misleading representations and from engaging in various abusive and unfair practices."  *Heintz v. Jenkins*, 514 U.S. 291, 292 (1995).  In order to state a claim under FDCPA, a plaintiff must allege facts establishing that the defendant(s): (1) engaged in harassment or abuse, as defined in 15 U.S.C. Section 1692d; (2) used false or misleading representations in violation of 15 U.S.C. Section 1692e; or (3) used unfair practices in violation of 15 U.S.C. Section 1692f.

The FDCPA only applies to "debt collectors," not lenders.  *Connors v. Home Loan Corp.*, 2009 WL 1615989, at *5 (S.D. Cal. 2009) ("The 'activity of foreclosing on [a] property pursuant to a deed of trust is not the collection of a debt within the meaning of the' FDCPA or the R-FDCPA."); *Williams v. Countrywide Home Loans, Inc.*, 504 F. Supp. 2d 176, 190 (S.D. Tex. 2007).  A "debt collector" is "any person who uses any instrumentality . . . in any business the principal purpose of which is the collection of any debts . . . <u>owed or due another</u>."  15 U.S.C. § 1692(a)(6) (emphasis added).  "[T]he law is well-settled . . . that creditors, <u>mortgagors</u>, and <u>mortgage servicing companies</u> are not debt collectors and are statutorily exempt from liability under the FDCPA."  *Scott v. Wells Fargo Home Mortg., Inc.*, 326 F. Supp. 2d 709, 718 (E.D. Va.

BRYAN CAVE LLP
TWO EMBARCADERO CENTER, SUITE 1410
SAN FRANCISCO, CA 94111-3907

2003) (emphasis in original); *Tina v. Countrywide Home Loans, Inc.*, 2008 WL 4790906, *7, 2008 U.S. Dist. LEXIS 88302, *18 (S.D. Cal. Oct. 30, 2008).

The act of "foreclosing on [a] property pursuant to a deed of trust is not the collection of a debt within the meaning of the FDCPA." *Izenberg v. ETS Servs., LLC*, 589 F. Supp. 2d 1193, 1199 (C.D. Cal. Dec. 8, 2008) (internal citation omitted). As *Hulse v. Ocwen Federal Bank, FSB*, 195 F.Supp.2d 1188 (D.Or.2002) explains:

> Foreclosing on a trust deed is distinct from the collection of the obligation to pay money. The FDCPA is intended to curtail objectionable acts occurring in the process of collecting funds from a debtor. But, foreclosing on a trust deed is an entirely different path. Payment of funds is not the object of the foreclosure action. Rather, the lender is foreclosing its interest in the property. *Id.* at 1204.

Accordingly, Plaintiffs cannot maintain a claim against Movants for alleged violation of the FDCPA based upon the Complaint's allegations all of which pertain to foreclosure proceedings under a deed of trust.  The claim must therefore be dismissed.

Further, the Complaint in any event fails to state any facts establishing a violation of the FDCPA by Movants, even if the statute did apply to them.   The Complaint does not state facts establishing that Movants (1) engaged in harassment or abuse, as defined in 15 U.S.C. Section 1692d; (2) used false or misleading representations in violation of 15 U.S.C. Section 1692e; or (3) used unfair practices in violation of 15 U.S.C. Section 1692f.  For these reasons as well, the Complaint fails to state a claim for alleged violation of the FDCPA and the claim must be dismissed.

### D.    **Plaintiffs' Fourth Cause Of Action For "Predatory Lending" Fails**

Plaintiffs' fourth cause of action denominated "Predatory Lending" is premised upon references to the Truth in Lending Act 15 U.S.C. Section 1601 ("TILA") and the Home Ownership and Equity Protection Act 15 U.S.C. Section 1637.  (Compl. ¶¶ 28-32).

HOEPA is an amendment to TILA, that applies to "a special class of regulated loans that are made at higher interest rates or with excessive costs and fees."  *In re Community Bank of Northern Va.*, 418 F.3d 277, 304 (3d Cir. 2005).  HOEPA is applicable to certain "high-cost loans" only if:  (1) the annual percentage rate at consummation exceeds the Treasury securities

BRYAN CAVE LLP
TWO EMBARCADERO CENTER, SUITE 1410
SAN FRANCISCO, CA 94111-3907

BRYAN CAVE LLP
TWO EMBARCADERO CENTER, SUITE 1410
SAN FRANCISCO, CA 94111-3907

yield by more than 10 percentage points, or (2) the total points and fees payable exceed the greater of 8 percent of the total loan amount, or $400.  15 U.S.C. § 1602(aa)(1) & (3); *see also* 12 C.F.R. § 226.32(a); *Justice v. Countrywide Home Loans, Inc.*, 2006 WL 141746 (E.D. Tenn. Jan. 18, 2006) ("An interest rate does not run afoul of HOEPA unless it is *ten percentage points higher than the relevant Treasury yield*." (emphasis in original)).  Plaintiffs Complaint does not state facts constituting a cause of action under either TILA or HOEPA for numerous reasons.

>  **1.**  **The Complaint Fails To State Facts Sufficient To Maintain A TILA Or HOEPA Claim Because The Complaint Fails To Plead The Terms Of The Loan Nor Does It Identify Any Disclosures That Were Allegedly Improper**

A plaintiff asserting a TILA or HOEPA claim must plead sufficient facts to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. *Marks v. Chicoine*, No. C 06-06806 SI, 2007 WL 160992, at *7 (N.D. Cal. Jan. 18, 2007).  Thus, to survive a motion to dismiss, plaintiff should plead the details of the loan, the disclosures accompanying it that the plaintiff believes were improperly given, and how the disclosures are improper .  *See Kelly v. Countrywide Home Loans, Inc.*, No. CV F 09-1148, 2009 WL 3489422, at *8 (E.D. Cal. Oct. 26, 2009) (dismissing TILA claim for failure to allege how defendants violated those statutes); *See also Justice v. Countrywide Home Loans, Inc.*, No. 3:05-CV-008, 2006 WL 141746, at *2 (E.D. Tenn. Jan. 18, 2006) (dismissing TILA claim based upon the "mere recitation of statutory language, absent supporting allegations")

Here, Plaintiffs fail to plead any of the terms of their loan.  Plaintiffs fail to attach any loan documents to their Complaint.   Plaintiffs fail to identify any specific disclosure that was allegedly not provided or was improper.  The Complaint's fourth cause of action fails to state the minimum factual allegations upon which a TILA or HOEPA cause of action can be maintained, and it must be dismissed. *See Kelly,*  No. CV F 09-1148, 2009 WL 3489422, at *8.

Additionally, Plaintiffs' vague TILA allegations are directly contradicted by the Truth In Lending Disclosure Statements ("TILDS") that detailed Plaintiffs' monthly payments under the loan (RJN, Ex. J).  Plaintiff signed and acknowledged having received this information.

BRYAN CAVE LLP
TWO EMBARCADERO CENTER, SUITE 1410
SAN FRANCISCO, CA 94111-3907

### 2.     Plaintiffs' TILA And HOEPA Claims are Time-Barred

Further, the TILA or HOEPA claims are time barred.  Even where no disclosures are made, the time period to bring an action under TILA for rescission is three years from the date of the violation, and an action for damages  must be brought within one year from the date of the violation.  15 U.S.C. §§ 1635(f); 1640(e); *see also Miguel v. Country Funding Corp.*, 309 F.3d 1161, 1164 (9th Cir. 2002), *cert. denied*, 539 U.S. 927, 123 S. Ct. 2577 (2003) (Section 1635(f) "is a statute of repose, depriving the courts of subject matter jurisdiction when a § 1635 claim is brought outside the three-year limitation period."); *Hallas v. Ameriquest Mortg. Co.*, 406 F. Supp. 2d 1176, 1183 (D. Or. 2005) ("TILA requires that any claim [for damages] based on an alleged failure to make material disclosures be brought within one year from the occurrence of the violation.")  The date of the violation refers to the date "the loan documents were signed."  *Meyer v. Ameriquest Mortg. Co.*, 342 F.3d 899, 902 (9th Cir. 2003); *see also King v. State of California*, 784 F.2d 910, 913 (9th Cir. 1986) (limitation period commences on the "date of the consummation of the transaction or upon the sale of the property, whichever occurs first".

HOEPA is an amendment to TILA and it has the same applicable statute of limitations. *Kemezis v. Matthew*, No. Civ.A. 07-5086, 2008 WL 2468377, at *3 (E.D. Pa. June 16, 2008).

Here, the Promissory Note and Deed of Trust were signed by Plaintiffs on June 5, 2006. (RJN, Ex. A & B; Compl ¶¶ 1, 2, 14-17; 19).  At best, Plaintiffs had to assert a rescission claim under TILA or HOEPA prior to June 5, 2009 under the three year rescission statute of limitations, and prior to June 5, 2007 to state a claim under the one year damages statute of limitations.  15 U.S.C. §§ 1635(f); 1640(e); *see also Miguel*, 406 F. Supp. 2d, at 1183.  Accordingly, because Plaintiffs first asserted this cause of action on July 1, 2011, the statute of limitations bars this fifth cause of action and it must be dismissed.

### 3.     Plaintiffs' TILA And HOEPA Claims Fail Because Plaintiffs Fail To Allege Tender

"A claim for rescission requires a plaintiff to allege that the plaintiff can or will tender the borrowed funds back to the lender."  *Edelman v. Bank of America Corp*., Case No SACV 09-00309-CJC (MLGx), 2009 WL 1285858, *2 (C.D. Cal. 2009); *see also Yamamoto v. Bank of New*

BRYAN CAVE LLP
TWO EMBARCADERO CENTER, SUITE 1410
SAN FRANCISCO, CA 94111-3907

*York*, 329 F.3d 1167, 1171 (9th Cir. 2003); *La Grone v. Johnson*, 534 F.2d 1360, 1362 (9th Cir. 1976).  "The equitable goal of rescission under TILA is to restore the parties to the status quo ante." *Am. Mortg. Network v. Shelton*, 486 F.3d 815, 821 (4th Cir. 2007).  "Rescission is not a means to create highly favorable loan terms for the party seeking rescission." *Nichols v. Greenpoint Mortg. Funding, Inc.*, Case No. SA CV 08-750 DOC (MLGx), 2008 WL 3891126, at *5 (C.D. Cal. 2008).  Here, Plaintiffs' Complaint fails to properly allege tender.  Accordingly, the TILA and HOEPA claims cannot be maintained and must be dismissed.

> **E.   Plaintiffs' Fifth Cause Of Action For "Breach Of Trust Contract" Fails**

Plaintiffs' Fifth cause of action apparently asserts a breach of trust theory, or a breach of fiduciary duty theory, or a breach of contract theory.  (Compl. 33-34).

A claim for either breach of trust or breach of fiduciary duty both require that Plaintiffs state facts establishing the existence of a fiduciary duty between Plaintiffs and Movants.  *See David Welch Co. v. Erskine & Tulley,* 203 Cal. App. 3d 884, 890 (1988); *Huong Que, Inc. v. Luu*, 150 Cal. App. 4th 400, 410, (2007).  Here, Plaintiffs have not, and cannot, state facts establishing the existence of such a fiduciary duty.

Whether a fiduciary duty exists is generally a question of law.  *David Welch Co.,* 203 Cal. App. 3d at 890.  "The relationship between a lending institution and its borrower-client is not fiduciary in nature."  *See Nymark v. Heart Fed. Sav. & Loan Assn.*, 231 Cal. App. 3d 1089, 1093, at n. 1 (1991).  A "loan transaction is at arms-length and there is no fiduciary relationship between the borrower and the lender."  *Oaks Management Corp. v. Superior Court,* 145 Cal. App. 4th 453, 466 (2007); *see also Das v. Bank of America* 186 Cal.App.4th 727, 740-744 (2010).[10]

 Here, the only claim that there was a fiduciary relationship is based upon the fact that Plaintiffs were borrowers and Movants were lenders.  (*See generally* Compl).  As such, Plaintiffs cannot state facts establishing the existence of a fiduciary relationship between them and Movants, and the fifth cause of action must therefore be dismissed.  *See e.g. Nymark*, 231 Cal. App. 3d at 1093, at n. 1.

Further, the Complaint fails to state facts establishing that Movants breached any duty or

---

[10] Loan servicers owe no duty to borrowers. *Wong v. Am. Servicing Co., Inc.*, 2009 WL 5113516, *6 (E.D. Cal. 2009).

**DEFENDANTS' MOTION TO DISMISS; CASE NO. 3:11-cv-02629-JCS**

BRYAN CAVE LLP
TWO EMBARCADERO CENTER, SUITE 1410
SAN FRANCISCO, CA 94111-3907

1   contract.  (*See generally* Complaint).  The fifth cause of action must therefore be dismissed for

2   failure to state facts establishing the element of breach of trust or contract.  To the extent this

3   claim is based on the notion that a foreclosing entity must "hold the original note" in order to

4   conduct foreclosure proceedings, Plaintiffs are legally incorrect.  As discussed in Section IV(B)(2)

5   above, California Courts do not require that the foreclosing party must show that they were the

6   holder of the original Note in order to foreclose. [11]

7       Further, the fifth cause of action also fails because Plaintiffs fail to allege any facts

8   showing they ever made any loan payment, as Plaintiffs were therefore in material breach of the

9   Deed of Trust. (*See generally* Complaint).  Thus, no breach of contract or trust claim can be

10  maintained as Plaintiffs fail to allege facts constituting performance or excuse.  *See Acoustics, Inc.*

11  *v. Trepte Construction Co*., 14 Cal.App.3d 887, 913 (1971).

12      Finally, the Complaint fails to state facts establishing that any alleged breach of trust or

13  contract caused Plaintiffs any llegally cognizable damage.  (*See generally* Complaint).  As such,

14  no facts establish the elements of damage or causation, and the claim must therefore be dismissed.

15  *See Wall St. Network, Ltd. v. New York Times Co.*, 164 Cal. App. 4th 1171, 1178 (2008).  As

16  discussed in Section IV(A), Plaintiffs cannot claim any damages based on the foreclosure process

17  or sale because Plaintiffs fail to allege tender.

18          **F.**     **Plaintiffs' Sixth Cause Of Action For RICO Violations Fails**

19      All civil RICO actions require a plaintiff to plead, at a minimum: (1) the existence of a

20  RICO enterprise; (2) the existence of a pattern of racketeering activity, established by at least two

21  predicate acts identified by 18 U.S.C. § 1961(a); (3) a nexus between the defendant and either the

22  pattern of racketeering activity or the RICO enterprise; and (4) resulting injury to the plaintiff's

23  business or property.  *Occupational-Urgent Care Health Sys., Inc. v. Sutro & Co., Inc.*, 711 F.

24  Supp. 1016, 1021 (E.D. Cal. 1989).

25

26  ---
[11] *See Nool v. Home Q Servicing*, 653 F. Supp. 2d 1047, 1053 (E.D. Cal. 2009).  *Quintos v. Decision One Mortgage*

27  *Co., LLC*, 2008 WL 5411636, at *3 (S.D. Cal. Dec. 29, 2008); *Tina v. Countrywide Home Loans, Inc.*, 2008 WL 4790906, at *7 (S.D. Cal. Oct. 30, 2008); *San Diego Home Solutions, Inc. v. ReconTrust Co.*, 2008 WL 5209972, at

28  *2 (S.D. Cal. 2008); *Putkkuri v. ReconTrust Co.*, 2009 WL 32567, at *2 (S.D. Cal. 2009). *See* Civ. Code § 2936; *Domarad,* 270 Cal. App. 2d 543.

BRYAN CAVE LLP
TWO EMBARCADERO CENTER, SUITE 1410
SAN FRANCISCO, CA 94111-3907

1   A must plaintiff must allege direct injury to their business or property as a result of their

2   RICO allegations.  *Pillsbury, Madison, & Sutro v. Lerner*, 31 F.3d 924, 928-29 (9th Cir. 1988).

3   An injury is compensable under RICO if the injury constitutes "harm to a specific business or

4   property interest" and if the alleged business or property interest is cognizable under state law.

5   *Diaz v. Gates*, 420 F.3d 897, 900 (9th Cir. 2005) (en banc)

6       A RICO claim alleging fraud must meet the particularity pleading requirement of FRCP

7   9(b).  *Blake v. Dierdorff*, 856 F.2d 1365, 1368 (9th Cir. 1988). Plaintiffs' RICO claim fails for

8   several reasons.

9       First, the claim is time barred.  "The statute of limitations for civil RICO actions is four

10  years."  *Pincay v. Andrews*, 238 F.3d 1106, 1108 (9th Cir. 2001).  Plaintiffs admit that the loan

11  documents were signed on June 5, 2006 (Compl ¶¶ 1, 2, 14-17; 19) and the RICO claim is

12  premised on the June 5, 2006 loan origination.   (*Id.* ¶¶ 35-39).  The instant Complaint was filed

13  on July 7, 2011, over five years after loan origination.   As such, Plaintiffs' RICO claim is time

14  barred. *See Pincay*, 238 F.3d at 1108.

15      Second, the Complaint fails to identify facts that support a civil RICO cause of action.

16  Plaintiffs fail to allege facts establishing (1) the existence of a RICO enterprise; (2) the existence

17  of a pattern of racketeering activity, established by at least two predicate acts identified by 18

18  U.S.C. § 1961(a); (3) a nexus between the defendant and either the pattern of racketeering activity

19  or the RICO enterprise; and (4) resulting injury to the plaintiff's business or property.  *See*

20  *Occupational-Urgent Care Health Sys., Inc.,* 711 F. Supp. at 1021.  As such, the RICO claim must

21  be dismissed for failure to state facts sufficient to state a claim.

22      Third, Plaintiffs fail to allege any facts to support their assertion that Movants "used the

23  United States mail in perpetrating the felonious conduct" or "conspired and infiltrated legitimate

24  business institutions for the purpose of perpetrating felony conduct".  (Comp. ¶ 36).

25      Fourth, the Complaint fails to allege facts establishing direct injury to their business or

26  property as a result of the alleged RICO violation.  *See Pillsbury, Madison, & Sutro*, 31 F.3d at

27  928-29;  *Diaz*, 420 F.3d at 900. The Complaint fails to state facts establishing that Movants ever

28  used the U.S. Mail, and fails to allege facts showing any action by Movants caused Plaintiffs any

illegally cognizable damage.  (*See generally* Complaint).  As discussed in Section IV(A), Plaintiffs cannot claim any damages based on the foreclosure process or sale because Plaintiffs fail to allege tender.

For these reasons, Plaintiffs' sixth cause of action for alleged RICO violations must be dismissed.

**G.   Plaintiffs' Seventh Cause Of Action For Quiet Title Fails**

Plaintiffs' quiet title cause of action states no additional allegations of fact and is premised upon the Complaints' first through sixth causes of action.  (Compl. ¶¶ 40-43).

As an initial matter therefore, the quiet title claim fails because it is dependant upon Plaintiffs' prior causes of action, each of which is legally defective.

Further, Plaintiffs cannot quiet title without alleging that they have repaid the debt secured by the Property.  *See* Cal. Civil Code § 1691(b); *Lee v. Aurora Loan Servs.,* 2010 WL 1999590, *5 (N.D. Cal. 2010) (stating "[A] mortgagor cannot quiet his title against the mortgagee without paying the debt secured" (quoting *Shimpones v. Stickney*, 219 Cal. 637, 649 (1934)); *see generally* 4 Miller & Starr, California Real Estate § 10:212, p.686-87 (3d ed. 2003); *see also Aguilar v. Bocci*, 39 Cal. App. 3d 475, 477 (1974) (stating that a mortgagor cannot "quiet title without discharging his debt.  The cloud upon his title persists until the debt is paid."

Here, Plaintiffs fail to allege facts showing that they ever made any payment under the loan, and Plaintiffs cannot maintain any claim for quiet title unless they allege facts establishing that they have repaid in full the money that they borrowed.  *See Id.*  Plaintiffs have not tendered, nor alleged that they have tendered, repayment of their loan.  (*See generally* Compl.)  Accordingly, Plaintiffs cannot state a claim for quiet title and the cause of action must be dismissed without leave.

Further, Plaintiffs fail to sufficiently plead any of the elements of Cal. Code Civ. Proc. § 761.020 which governs quiet title claims.  Plaintiffs merely allege that the foreclosure sale has harmed them.  Such an allegation fails to state facts establishing that Plaintiffs have a rightful claim to title free of any encumbrance held by Movants, particularly where Plaintiffs fail to allege that they ever made any payment under the loan.

BRYAN CAVE LLP
TWO EMBARCADERO CENTER, SUITE 1410
SAN FRANCISCO, CA 94111-3907

**DEFENDANTS' MOTION TO DISMISS; CASE NO. 3:11-cv-02629-JCS**

BRYAN CAVE LLP
TWO EMBARCADERO CENTER, SUITE 1410
SAN FRANCISCO, CA 94111-3907

### H.   Plaintiffs' Cause Of Action For Declaratory Relief Fails

A declaratory relief claim requires a present and actual controversy between the parties, and were it is dependant upon other causes of action, it serves no purpose.  *Cal. Ins. Guar. Ass'n v. Superior Court*, 231 Cal. App. 3d 1617, 1623 (1991).  Here, Plaintiffs' declaratory relief claim[12] states no additional factual allegations and is dependant upon the prior claims. (Compl. ¶¶ 44-49).  As each of those claims is legally defective, there are no facts showing any actual or present controversy.  *Cal. Ins. Guar. Ass'n, ,* 231 Cal. App. 3d at 1617.  Further, the Complaint does not state a valid cause of action that could result in setting aside the foreclosure sale, nor do Plaintiffs allege tender.  As such, the claim must be dismissed.

### I.   Plaintiffs' Cause Of Action For Injunctive Relief Fails

Injunctive relief is a remedy, not a cause of action.  *See Marlin v. AIMCO Venezia, LLC*, 154 Cal. App. 4th 154, 162 (2007).  As such, the cause of action must be dismissed.  Further, this claim states no additional factual allegations and is dependant upon the prior claims. (Compl. ¶¶ 50-51).  As each of those claims is legally defective, there are no facts establishing any basis upon which the court could provide the remedy of injunctive relief.  For this reason as well, the claim must be dismissed.

## V.   PLAINTIFFS' PUNITIVE DAMAGES ALLEGATIONS MUST BE STRICKEN

Plaintiffs' request for punitive damages (Prayer number 3) should be stricken because Plaintiffs have not alleged any facts giving rise to punitive damages.  A "motion to strike may be used to strike any part of the prayer for relief when the damages sought are not recoverable as a matter of law."  *Bureerong v. Uvawas*, 922 F. Supp. 1450, 1479, f.34 (C.D. Cal. 1996) (citing *Tapley v. Lockwood Green Eng'rs, Inc.*, 502 F.2d 559, 560 (8th Cir. 1974) (prayer for damages in wrongful death action stricken because they exceeded the maximum permitted by statute)); *Wilkerson v. Butler*, 229 F.R.D. 166, 172 (E.D. Cal. 2005) (A "motion to strike is appropriate to address requested relief, such as punitive damages, which is not recoverable as a matter of law.").  When a Complaint contains only a conclusory characterization of a defendant's conduct as

---

[12] Plaintiffs have mistakenly labeled the Declaratory Relief claim as their seventh cause of action, despite their other "seventh" cause of action for Quiet Title.

SF01DOCS\40089.1

16

**DEFENDANTS' MOTION TO DISMISS; CASE NO. 3:11-cv-02629-JCS**

BRYAN CAVE LLP
TWO EMBARCADERO CENTER, SUITE 1410
SAN FRANCISCO, CA 94111-3907

1   oppressive, malicious and fraudulent, such a complaint is patently insufficient to support a claim

2   for punitive damages.  *See Smith v. Superior Court*, 10 Cal. App. 4th 1033, 1042 (1992).  The

3   instant Complaint is devoid of any allegations - let alone clear and convincing, substantive, factual

4   allegations - showing that Movants acted with "malice, oppression or fraud."  As such, the

5   improper requests should be stricken on this motion. *See Whittlestone, Inc. v. Handi-Craft Co*.,

6   No. 09-16353, 2010 WL 3222417 (9th Cir. Aug. 17, 2010).

7   **VI.   PLAINTIFF'S REQUEST FOR ATTORNEY'S FEES MUST BE STRICKEN**

8           Likewise, Plaintiffs' request for attorney's fees (Compl. ¶¶ 13;  Prayer numbers 8, 15, 18)

9   should be stricken because Plaintiffs have not alleged any contract or statute under which they

10  claim an award of attorney's fees can be made.   A party cannot recover attorney's fees unless

11  specifically provided for by statute or agreement between the parties.  Cal. Civ. Proc. Code §

12  1021.  Here, Plaintiffs have requested an award of attorney's fees without indentifying any facts

13  which give rise to a contractual or statutory basis for such an award.   As such, Plaintiffs'

14  unsupported request for attorney's fees must be stricken on this motion.  *See Tapley v. Lockwood

15  Green Engineers, Inc*. (8th Cir. 1974) 502 F.2d 559, 560; *Whittlestone, Inc.*, No. 09-16353, 2010

16  WL 3222417.

17  ///

18

19

20

21

22

23

24

25

26

27

28

**DEFENDANTS' MOTION TO DISMISS; CASE NO. 3:11-cv-02629-JCS**

1

## VII.   CONCLUSION

2   Plaintiffs' Complaint should be dismissed with prejudice.  As the claims are based on the

3   origination of the June 5, 2006 loan, the claims are barred by the statute of limitations.  Plaintiffs'

4   failure to properly allege tender renders each of their claims defective because each claim is

5   premised on alleged damages arising from the challenged foreclosure sale.  Finally, the

6   Complaint's allegations simply do not state the requisite facts necessary to maintain any one of the

7   stated causes of action.   For each of these reasons,  Movants' Motion to Dismiss must be granted

8   and should be granted without leave to amend.

9

10   Dated:  August 9, 2011

**BRYAN CAVE LLP**
Andrea M. Hicks
Joseph Poppen

11

12   By: /s/ Joseph Poppen
          Joseph Poppen

13   Attorneys for Defendants
DEUTSCHE BANK NATIONAL TRUST

14   COMPANY, AS TRUSTEE UNDER THE
POOLING AND SERVICING AGREEMENT

15   RELATING TO IMPAC SECURED ASSETS
CORP., MORTGAGE  PASS-THROUGH

16   CERTIFICATES, SERIES 2006-3 (erroneously sued
as Deustche Bank National Co.); BANK OF

17   AMERICA, N.A. (erroneously sued as Bank of
America, N.A. Inc.); COUNTRYWIDE HOME

18   LOANS, INC. (erroneously sued as Countrywide
Home Loans); and MORTGAGE ELECTRONIC

19   REGISTRATION SYSTEMS, INC.

20

21

22

23

24

25

26

27

28

BRYAN CAVE LLP
TWO EMBARCADERO CENTER, SUITE 1410
SAN FRANCISCO, CA 94111-3907