**E-FILED on**   10/7/2011

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MARVIN CUARESMA, and MERRIAME CUARESMA,<br><br>       Plaintiff,<br><br>   v.<br><br>DEUSTCHE BANK NATIONAL CO., IMPAC SECURED ASSETS CORP., BANK OF AMERICA, N.A. INC., COUNTRYWIDE HOME LOANS, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; HSBC BANK USA, NATIONAL ASSOCIATION FOR THE BENEFIT OF ACE SECURITIES CORP. HOME EQUITY LOAN TRUST, SERIES 2006- NC2 ASSET BACKED PASS-THROUGH CERTIFICATES SERIES 2006-3 and DOES 1 through 100, inclusive,<br><br>       Defendants. | No. C-11-03829 RMW<br><br>ORDER GRANTING DEFENDANTS' MOTION TO DISMISS<br><br><br>**[Re Docket No. 6]** |

Defendants Deutsche Bank National Trust Company, Bank of America, N.A., Countrywide Home Loans, Inc., and Mortgage Electronic Registration Systems, Inc. move to dismiss the claims against them. Plaintiffs have not filed an opposition. On October 7, 2011, the court held a hearing to consider defendants' motion. Having considered the papers submitted by the parties and the

arguments of counsel, and for the reasons set forth below, the court grants the motion to dismiss with leave to amend.

## I. BACKGROUND

Plaintiffs Marvin and Merriame Cuaresma, proceeding *pro se*, originally filed this action in Santa Clara County Superior Court on July 1, 2011. Defendants removed the action to federal court on August 1, 2011 on the basis of federal claims in the original complaint. On August 9, 2001, defendants moved to dismiss the complaint. Plaintiffs did not file an opposition.

In February 2004, plaintiffs Marvin Cuaresma and Merriame Cuaresma gained an interest in the real property commonly known as 1210 Murphy Avenue, San Jose, California (the "subject property") by way of a grant deed recorded in the official records in Santa Clara County. Compl. ¶ 1. In June 2006, plaintiffs obtained a $497,000 adjustable rate mortgage ("ARM") loan from Express Capital Lending. Defs.' Req. for Judicial Notice ("RJN"), Dkt. No. 7, Ex. A and Ex. B[1]; *see also* Compl. ¶¶ 2, 14-17, 19, 22-24. The loan was secured against the subject property by a deed of trust recorded in Santa Clara County on June 8, 2006. RJN, Ex. A & B; *see also* Compl. ¶ 7. The deed of trust named Commonwealth Land Title as the trustee and Mortgage Electronic Registration Systems, Inc. ("MERS") as beneficiary. RJN, Ex. B.

At some point plaintiffs failed to pay their monthly mortgage payment as required by the mortgage loan. RJN, Ex. D; *see also* Compl. ¶¶ 2, 17. In August 2009, MERS assigned the deed of trust to defendant Deutsche Bank National Trust Co. ("Deutsche Bank"). RJN, Ex. C. In September 2009, Deutsche Bank used MTC Financial, Inc. d/b/a Trustee Corps to send plaintiffs a notice of default and election to sell under deed of trust. RJN, Ex. D; *see also* Compl. ¶¶ 2, 17. Shortly afterward, plaintiffs sent defendants a written notice of dispute "including a demand to give the name, address and phone number of the entity or natural person, who, in due course, was in possession of the original, wet-ink signature, promissory note that was used as the 'Corpus' (body) as an asset in order for the trust to still be valid." Compl. ¶ 7. On April 14, 2011, a notice of trustee's sale was recorded with Santa Clara County, which identified a total amount owed of $557,060.20. RJN, Ex. F.

---

[1] As discussed below, the court takes judicial notice of certain documents submitted by defendants.

In count 1, plaintiffs allege that defendants engaged in fraudulent misrepresentations by representing that they all had right to payment under the note and failing to inform plaintiffs that they actually lack standing to foreclose. Compl. ¶¶ 14-17.  In count 2, plaintiffs allege that defendants fraudulently induced plaintiffs into signing the note without verifying that they could repay the loan. *Id.* ¶¶ 18-25.  In count 3, plaintiffs allege defendants violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, by failing to verify their claim and respond to plaintiffs' qualified written request. *Id.* ¶¶ 26-27.  In count 4, plaintiffs allege defendants engaged in predatory lending practices in violation of the Home Ownership and Equity Protection Act, 15 U.S.C. section 1637 ("HOEPA"); the Trust in Lending Act, 15 U.S.C. section 1601 ("TILA"); Regulation Z, 12 C.F.R. section 226; and Business and Professions Code section 17200 by failing to verify plaintiffs' ability to repay loans and manufacturing facts and lowering their own underwriting standards in order to induce plaintiffs to enter a loan that would be financially unbearable and burdensome. *Id.* ¶¶ 28-32.  In count 5, plaintiffs allege that defendants breached the trust contract and/or their fiduciary duty by refusing plaintiffs' request to view the original promissory note and by continuing to act as parties to the trust when the note no longer exists. *Id.* ¶¶ 33-34.  In count 6, plaintiffs allege that defendants' conduct constituted a violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"). *Id.* ¶¶ 35-39.  In count 7, plaintiffs seek to quiet title against claims of defendants. *Id.* ¶¶ 40-43.  In count 8, plaintiffs seek declaratory judgment as to the validity of any loan transactions and defendants' right to proceed with non-judicial foreclosure of the subject property. *Id.* ¶ 48.  In count 9, plaintiffs seek injunctive relief. *Id.* ¶ 51.

## II. ANALYSIS

### A. General Standards for Motion to Dismiss

A motion to dismiss is proper under Federal Rule of Civil Procedure 12(b)(6) where the pleadings fail to state a claim upon which relief can be granted.  The court's "inquiry is limited to the allegations in the complaint, which are accepted as true and construed in the light most favorable to the plaintiff." *Lazy Y Ranch Ltd. v. Behrens*, 546 F.3d 580, 588 (9th Cir.2008).  Even under the liberal pleading standard of Federal Rule of Civil Procedure 8(a)(2), "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a

formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

Pursuant to *Twombly*, a plaintiff must not merely allege conduct that is conceivable but must instead allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 556). If the allegations are insufficient to state a claim, a court should grant leave to amend, unless amendment would be futile. *See*, *e.g.*, *Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296 (9th Cir.1990); *Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv., Inc.*, 911 F.2d 242, 246–47 (9th Cir.1990).

**B.    Judicial Notice**

Defendants have submitted exhibits documenting the relationship among parties, requesting that judicial notice be taken of them. RJN. These documents include: an adjustable rate note (Ex. A), dated June 2, 2006 and signed by plaintiffs; a deed of trust (Ex. B), dated June 2, 2006, signed by plaintiffs and recorded with Santa Clara County on June 8, 2006 as document number 18965955; an assignment of deed of trust (Ex. C), dated August 27, 2009, and recorded with Santa Clara County on May 14, 2010 as document number 20711824; a notice of default and election to sell under deed of trust (Ex. D), dated September 10, 2009, and recorded with Santa Clara County on September 11, 2009 as document number 20429805; a substitution of trustee (Ex. E), dated August 27, 2009 and recorded with Santa Clara County on April 14, 2010 as document number 2067707; a notice of trustee's sale (Ex. F), dated April 14, 2010 and recorded with Santa Clara County on April 14, 2010 as document number 2067708; and trustee's deed upon sale (Ex. G), dated May 10, 2010 and recorded with Santa Clara County on May 14, 2010 as document number 20711825. Also included but not referred to in the complaint or recorded with Santa Clara County are: a secondary note (Ex. H); a secondary deed of trust (Ex. I); and a truth-in-lending disclosure statement (Ex. J) , all dated June 2, 2006 and signed by plaintiffs. Plaintiffs have not filed an objection.

Pursuant to Federal Rule of Evidence 201, the court may take judicial notice of adjudicative facts, which are "either (1) generally known within the territorial jurisdiction of the trial court or (2)

capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." In addition, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(6) motion to dismiss." *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir.1994). A court may also consider evidence on which the complaint "necessarily relies" if the document is central to the plaintiffs' claim. *Id.* at 453-54. Accordingly, the court considers exhibits A through G, which were either referenced in the complaint or recorded in the official records of Santa Clara County. Defendants have not provided a basis under which the court may take judicial notice of exhibits H through J, which are not referred to in the complaint or recorded with Santa Clara County.

### C.     Tender Rule

As defendants point out, in order to maintain a claim challenging foreclosure, plaintiffs must allege a credible tender of the amount of the secured debt to maintain any cause of action. *See Abdallah v. United Savings Bank*, 43 Cal.App.4th 1101, 1109 (Ct.App. 1996). An action to set aside a trustee's sale for irregularities in sale, notice, or procedure should be accompanied by an offer to pay the full amount of the debt for which the property was security. *Brittain v. IndyMac Bank, FSB*, No. C-09-2953 SC, 2009 WL 2997394, at *1 (N.D.Cal. Sept. 16, 2009) (citing *Arnolds Management Corp. v. Eischen*, 158 Cal.App.3d 575, 578 (Ct.App.1984)). Further, the tender requirement applies to any claim "implicitly integrated" with the foreclosure sale. *Arnolds Mgmt. Corp.*, 158 Cal.App.3d at 579.

Here, plaintiffs have omitted any offer of tender from their pleadings. Plaintiffs make no allegation of the ability to make such tender, or that such tender has been made. Most of plaintiffs' claims are implicitly integrated with the foreclosure sale. *See generally* Compl. As such, to the extent that they challenge the foreclosure, the court must dismiss plaintiffs' first, third, fifth, seventh, eighth, and ninth claims.

### D.     First Cause of Action for Fraudulent Misrepresentation

Central to plaintiffs' first claims is the allegation that defendants lack standing to lawfully foreclose on the subject property because none of them are the true holder of the promissory note.

*See* Compl. ¶¶ 16, 34, 42, 47. However, this theory, sometimes referred to as the holder of the note theory, does not have a foundation in California law.

California does not require possession of the note as a precondition to non-judicial foreclosure under a Deed of Trust. "Under Civil Code section 2924, no party needs to physically possess the promissory note." *Sicairos v. NDEX West, LLC*, No. 08cv2014-LAB, 2009 WL 385855, at *3 (S.D.Cal. Feb. 13, 2009) (citing Cal. Civ.Code, § 2924(a) (1)). Rather, "[t]he foreclosure process is commenced by the recording of a notice of default and election to sell by the trustee." *Moeller v. Lien*, 25 Cal.App.4th 822, 830 (1994). An "allegation that the trustee did not have the original note or had not received it is insufficient to render the foreclosure proceeding invalid." *Neal v. Juarez*, No. 06cv055J, 2007 WL 2140640, at *8 (S.D.Cal.2007).

Here, Deutsche Bank was granted, assigned, and transferred as trustee all beneficial interest under the deed of trust as of August 27, 2009. *See* RJN, Ex. C. This establishes its right to initiate the foreclosure process on its own or through its agent MTC Financial. The judicially noticed evidence firmly establishes that defendant Deutsche Bank has standing to foreclose, and thus foreclosure cannot be unlawful on this particular legal theory. Accordingly, plaintiffs' first claim for fraudulent misrepresentation is dismissed for failure to state a claim upon which relief can be granted.

### E.  Second Cause of Action for Fraudulent Inducement

Claims of fraud are limited by a three-year statute of limitations. Cal. Civ. Proc. Code § 338(d). Here, the factual allegations under the plaintiffs' second cause of action for fraud are based upon the June 5, 2006 origination of the loan. Compl. ¶¶ 1, 2, 14-17, 19. Plaintiffs' complaint was filed on July 1, 2011, over five years after loan origination. Cal. Civ. Proc. Code § 338(d) provides that a cause of action for fraud "is not deemed to have accrued until the discovery, by the aggrieved party, of the facts constituting the fraud or mistake"; however, plaintiffs do not allege facts relating to any subsequent discovery of the fraud. Therefore, to the extent the claim is based on the June 5, 2006 origination of the loan, plaintiffs' second cause of action for fraud appears to be time-barred under Cal. Civ. Proc. Code § 338(d). Accordingly, plaintiffs' second claim for fraudulent inducement is dismissed.

### F.   Third Cause of Action for Violation of the FDCPA

Plaintiffs contend in their general allegations and their third cause of action that defendants violated the FDCPA, the California Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), and the Real Estate Settlement Procedures Act ("RESPA") by failing to respond to their qualified written request ("QWR") and request for verification of defendants' claim. *See* Compl. ¶¶ 5-9, 26-27. Plaintiffs do not indicate when or to which defendants they delivered this request. Instead they include an undated, unsigned template letter of objection missing any details specific to their case. *See* Compl. Ex. B. (Letter of Objection to Trustee in Non-Judicial Sale States).

#### 1.   FDCPA

The FDCPA was enacted to protect debtors from false, deceptive, or misleading representations or tactics with respect to the collection of debts. *See* 15 U.S.C. § 1692(e). The statute provides that, within five days of making initial contact with a debtor "in connection with the collection of any debt," a debt collector must send the debtor a written notice containing the amount of the debt; the name of the creditor; the time period in which the validity of the debt may be challenged; and instructions explaining how the debtor may obtain further evidence of the debt and information about the creditor. 15 U.S.C. § 1692g(a). The provisions of the FDCPA, however, are limited to "debt collectors." 15 U.S.C. § 1692a(6). The legislative history of section 1692a(6) indicates the term "debt collector" does not include a mortgage servicing company or an assignee of a debt if the debt was not in default at the time it was assigned. *See* S.Rep. No. 95-382, 95th Cong., 1st Sess. 3, *reprinted in* 1977 U.S.Code Cong. & Ad.News 1695, 1698 ("[T]he committee does not intend the definition [of 'debt collector'] to cover . . . the collection of debts, such as mortgages . . . , by persons who originated such loans; [or] mortgage service companies and others who service outstanding debts for others, so long as the debts were not in default when taken for servicing[.]"). This court has already determined that foreclosing on a property pursuant to a deed of trust is not a collection of a debt within the meaning of the FDCPA. *See Ladayan v. Washington Mutual Bank*, No. C 09-0916 RMW, 2009 WL 3047238, at *3 (N.D.Cal. Sept.18, 2009).

1    Here, plaintiffs do not make any allegations that defendants fit within the definition of "debt
2 collector" for the purposes of the FDCPA. *See* 15 U.S.C. § 1692a(5). Further, plaintiffs have not
3 alleged that the debt was in default at the time of the assignment of the deed of trust to defendant
4 Deutsche Bank. Since Deutsche Bank was a trustee and beneficiary of the loan, they (and MTC
5 Financial Inc as their agent) were servicing the loan and not a collection agency subject to the
6 provisions of the FDCPA. Therefore, defendants' failure to verify their claim does not give rise to a
7 cause of action under the FDCPA.

### 2. RFDCPA

California incorporated the FDCPA into the RFDCPA under Cal. Civ. Code § 1788.17. "The law is clear that foreclosing on a deed of trust does not invoke the statutory protections of the RFDCPA." *Collins v. Power Default Servs., Inc.*, No. 09-4838 SC, 2010 WL 234902, at *3 (N.D.Cal. Jan.14, 2010). As with the FDCPA, defendants' failure to verify their claim in response to a request for verification was not unlawful under the RFDCPA.

### 3. RESPA

Under RESPA, a QWR is a "written request from the borrower (or an agent of the borrower) for information relating to the servicing of such loan." 12 U.S.C. § 2605(e)(1)(A). The statute of limitations for section 2605 claims is three years, *see* 12 U.S.C. § 2614, and thus, a section 2605 claim premised on plaintiffs' request for documents from Deutsche Bank is not time-barred. Among other things, a QWR must include a "statement of the reasons for the belief of the borrower, to the extent applicable, that the account is in error or provides sufficient detail to the servicer regarding other information sought by the borrower." 12 U.S.C. § 2605(e)(1)(B)(ii). A loan servicer must respond to a QWR only if the information is related to a loan servicing. *Lawther v. Onewest Bank*, No. C 10-0054 RS, 2010 WL 4936797, at *6 (N.D.Cal. Nov. 30, 2010). If a loan servicer fails to comply with the provisions of section 2605, a borrower is entitled to any actual damages as a result of the failure. *Id.* At the pleading stage, the plaintiff must include a demonstration of some actual pecuniary loss and a causal relationship between the alleged damages and the RESPA violation. *Padilla v. One West Bank*, No. 10-04080 CW, 2010 WL 5300900, at *6 (N.D.Cal. Dec. 20, 2010).

Here, plaintiffs have not sufficiently alleged that they make a qualified request for information related to the servicing of their loan or that the failure of the defendants to respond caused them to suffer damages. Plaintiffs, in their general allegations, have included a claim that a QWR was sent to defendants, but do not give sufficient details about the QWR. *See* Compl. ¶¶ 6-9. Intermingled with the discussion of the QWR is the holder of the note theory which, as discussed above, fails. *See id.* Further, plaintiffs do not allege or discuss any actual damages nor allege that the failure to respond caused these damages. Therefore, plaintiffs have failed to adequately state a RESPA claim. Accordingly, plaintiffs' third claim is dismissed.

### G. Fourth Cause of Action for Predatory Lending

Plaintiffs allege that defendants collaborated to engage in predatory lending practices in violation of the Home Ownership and Equity Protection Act, 15 U.S.C. section 1637 ("HOEPA"); the Truth in Lending Act, 15 U.S.C. section 1601 ("TILA"); Regulation Z, 12 C.F.R. section 226; and California's Business and Professions Code section 17200. *See* Compl. ¶ 29. Plaintiffs further contend that defendants failed to verify plaintiffs' ability to repay the loans and manufactured facts to justify the loan. *See id.* ¶ 30.

Plaintiffs' fourth cause of action for predatory lending claims under the Trust in Lending Act, 15 U.S.C. section 1601 ("TILA") and the Home Ownership and Equity Protection Act, 15 U.S.C. section 1637 ("HOEPA") is subject to a three-year statute of limitations for claims for rescission and a one-year statute of limitations for claims for damages. *See* 15 U.S.C. §§ 1635(f), 1640(e); *see also Kemezis v. Matthew*, No. Civ.A. 07-5086, 2008 WL 2468377, at *3 (E.D. Pa. June 16, 2008). Alleged violations of Regulation Z, 12 C.F.R. § 226, are subject to the same one-year limitation period as TILA claims for damages under 15 U.S.C. § 1640(e). *See Chourp v. Ocwen Loan Servicing, LLC*, No. 11cv0159-IEG, 2011 WL 1559796, at *3 (N.D.Cal. Apr. 22, 2011). Here, the factual allegations under plaintiffs' fourth cause of action are also based upon the June 5, 2006 origination of the loan. *See* Compl. ¶¶ 29-32. As such, plaintiffs' fourth cause of action for predatory lending is time-barred to the extent it relies on TILA, HOEPA, and Regulation Z.

Plaintiffs' fourth claim also alleges a violation of California Business and Professions Code section 17200 for predatory lending practices. Claims under section 17200 are subject to a four-year

1  statute of limitations. Cal. Bus. & Prof. Code § 17208. Here, the factual allegations under plaintiffs'
2  fourth cause of action are also based upon the June 5, 2006 origination of the loan. As such,
3  plaintiffs' fourth cause of action for predatory lending is time-barred to the extent it relies on Cal.
4  Bus. & Prof. Code section 17200. Accordingly, plaintiffs' fourth claim is dismissed.

        **H.**    **Fifth Cause of Action for Breach of Contract**

6  Plaintiffs' fifth cause of action asserts that defendants "breached the trust contract and/or their
7  fiduciary duty" by refusing plaintiffs right to view the original promissory note and by continuing to
8  act as parties to the trust when the original note no longer exists. Compl. ¶ 34. To state a claim for
9  breach of trust or breach of fiduciary duty, plaintiffs must state facts establishing the existence of a
10 fiduciary duty between plaintiffs and defendants. *See David Huong Que, Inc. v. Luu*, 150 Cal. App.
11 4th 400, 410 (2007). Here, plaintiffs have not pled facts establishing the existence of such a
12 fiduciary duty. Further, to the extent that this claim is based on the holder of the note theory, as
13 discussed above under the first cause of action, it must fail. *See id.* Accordingly, plaintiffs' fifth
14 claim is dismissed.

        **I.**    **Sixth Cause of Action for RICO**

16 Plaintiffs' sixth cause of action alleges a violation of the Racketeer Influenced and Corrupt
17 Organizations Act. Plaintiffs allege that "[d]efendants, and each of them by their association with
18 one another, used the United States mail in perpetrating the felonious conduct as set forth above, and
19 each of them conspired and infiltrated legitimate business institutions for the purpose of perpetrating
20 felony conduct on the public in more than one incident." Compl. ¶ 36. They further allege that
21 "[d]efendants, and each of them as being associated with one another, are engaged in a pattern and
22 practice to obtain title of property without compliance and in violation of common and statutory law
23 . . . and in doing so, have attempted and are attempting to circumvent the mandates of applicable
24 law. . . ." *Id.* ¶ 38. Plaintiffs fail to plead an adequate RICO claim.

25 The RICO statute makes it illegal for "any person employed by or associated with any
26 enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or
27 participate, directly or indirectly, in the conduct of [an] enterprise's affairs through a pattern of
28 racketeering activity" or to conspire to do so. 18 U.S.C. §§ 1692(c), (d). Thus, to state a claim for a

1 violation of this section, a plaintiff must plead: "(1) conduct (2) of an enterprise (3) through a
2 pattern (4) of racketeering activity (known as 'predicate acts') (5) causing injury to the plaintiff's
3 business or property." *Living Designs, Inc. v. E.I. Dupont de Nemours & Co.*, 431 F.3d 353, 361
4 (9th Cir. 2005).

5       First, plaintiffs fail to sufficiently allege the existence of a RICO enterprise. "An enterprise
6 is a 'group of persons associated together for a common purpose of engaging in a course of conduct,'
7 and is proved by evidence of 'an ongoing organization, formal or informal, and by evidence that the
8 various associates function as a continuing unit.'" *Vertkin v. Wells Fargo Home Mortg.*, No.
9 C10–0775 RS, 2011 WL 175518, at *4 (N.D.Cal. Jan.18, 2011) (quoting *United States v. Turkette*,
10 452 U.S. 576, 583 (1981)). The enterprise element requires the organization, formal or informal, to
11 be an entity separate and apart from the pattern of racketeering activity in which it engages. *Chang
12 v. Chen*, 80 F.3d 1293, 1298 (9th Cir.1996). "A RICO plaintiff must allege a structure for the
13 making of decisions separate and apart from the alleged racketeering activities, because the
14 existence of an enterprise at all times remains a separate element which must be proved." *Wagh v.
15 Metris Direct, Inc.*, 348 F.3d 1102, 1112 (9th Cir.2003). While plaintiffs contend that defendants
16 acted in association with each other, this is not sufficient to show evidence of a RICO enterprise.

17       Second, plaintiffs fail to allege a pattern of racketeering activity. Racketeering activity is
18 defined by finite number of acts listed in 18 U.S.C. § 1961(1). Plaintiffs allege that defendants use
19 the United State mail in perpetration of felonious conduct, indicating mail fraud generally as the
20 predicate act, which is a predicate act as defined by section 1961(1) of RICO. However, a RICO
21 claim requires at least two acts of racketeering, *see* 18 U.S.C. § 1961(5), and plaintiffs have not
22 provided details of even one. Plaintiffs only make vague allegations of "felony conduct" and
23 violation of unspecified "common and statutory law." Further, Federal Rules of Civil Procedure
24 9(b) requires that fraud be pled with particularity. The 9th Circuit has held that "Rule 9(b) requires
25 the identification of the circumstances constituting fraud so that the defendant can prepare an
26 adequate answer from the allegations." *Schreiber Distrib. Co. v. Serv–Well Furniture Co.*, 806 F.2d
27 1393, 1400 (9th Cir.1986) (internal quotation marks omitted). "[T]he pleader must state the time,
28 place, and specific content of the false representations as well as the identities of the parties to the

misrepresentation." *Id.* at 1401. Plaintiffs' general allegation of mail fraud is insufficient to claim a pattern of racketeering activity.

Plaintiffs' RICO allegations are vague and conclusory and cannot "support a claim to relief that is plausible on its face." *See Twombly* at 570. Accordingly, plaintiffs' sixth claim is dismissed.

### J.   Seventh Cause of Action for Quiet Title

California courts apply the same tender rule to quiet title that applies in a wrongful foreclosure action. *Roque v. Suntrust Mortg., Inc.*, No. C-09-00040 RMW, 2010 WL 546896, at *6 (N.D.Cal. Feb. 10, 2010). "A valid and viable tender of payment of the indebtedness owing is essential to an action to cancel a voidable sale under a deed of trust." *Karlsen v. Am. Sav. & Loan Ass'n*, 15 Cal.App.3d 112, 117 (Cal.Ct.Capp. 1971).

Here, plaintiffs have not tendered payment nor alleged an offer of tender of the full amount of the obligation owed on the mortgage. Moreover, plaintiffs have not alleged facts indicating that equitable circumstances exist such that tender should not be required. *See Humboldt Sav. Bank v. McCleverty*, 161 Cal. 285, 291 (1911). Furthermore, plaintiffs have not alleged facts that, if true, would show that defendants do not have the right to foreclose on their property. Accordingly, plaintiffs' seventh claim for quiet title is dismissed.

### K.   Eighth Cause of Action for Declaratory Relief

The Declaratory Judgment Act gives district courts discretion to exercise its jurisdiction over a claim for declaratory relief. *See* 28 U.S.C. § 2201. A declaratory relief claim requires a present and actual controversy between the parties. *Cal. Ins. Guar. Ass'n v. Superior Court*, 231 Cal. App. 3d 1617, 1623 (1991). Here, plaintiffs' declaratory relief claim is dependant upon the prior claims and the holder of the note theory, which is invalid as discussed above. Compl. ¶¶ 44-49. Since the plaintiff has not adequately alleged the prior claims, declaratory relief is not appropriate at this time. As such, plaintiffs' eighth claim for declaratory relief is dismissed.

### L.   Ninth Cause of Action for Injunctive Relief

Injunctive relief is a remedy, not a cause of action. *See Marlin v. AIMCO Venezia, LLC*, 154 Cal. App. 4th 154, 162 (2007). As such, the cause of action must be dismissed. Furthermore, this claim depends upon the prior claims. Compl. ¶¶ 50-51. As each of those claims is legally defective,

there are no facts establishing any basis upon which the court could provide the remedy of injunctive relief. Accordingly, plaintiffs' ninth claim is dismissed.

### III.  ORDER

For the foregoing reasons, the court grants defendants' motion to dismiss. Plaintiffs have thirty (30) days from the date of this order to file an amended complaint.

DATED:   10/7/2011

*Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge